(84 South. 325)

## HARBISON–WALKER REFRACTORIES CO. v. HATCHER. (6 Div. 974.)

(Supreme Court of Alabama. Jan. 15, 1920.)

1. MASTER AND SERVANT ☞258(11) — COMPLAINT FOR NEGLIGENCE IN NOT FURNISHING SAFE PLACE NOT DEMURRABLE.

Count of complaint of minor against employing brick company for personal injuries through failure to furnish a safe place to work *held* not demurrable.

2. MASTER AND SERVANT ☞95 — UNLAWFUL EMPLOYMENT OF MINOR NEED NOT BE WITH KNOWLEDGE.

Count of minor employé for personal injuries, drawn under Child Labor Act of 1915, *held* not demurrable, the act not requiring that the employment of a minor in forbidden service be knowingly done.

3. MASTER AND SERVANT ☞282—EXEMPLARY DAMAGES NOT RECOVERABLE BY MINOR UNLAWFULLY EMPLOYED IN ABSENCE OF MALICE.

In action against brick company for injuries to minor employé, charge at plaintiff's instance that, if he could recover under the theory he was employed in violation of the Child Labor Act of 1915, he might be awarded exemplary damages claimed *held* erroneous in absence of evidence of malice or intent to injure plaintiff.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by Emanuel Hatcher, pro ami, against the Harbison-Walker Refractories Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

The counts mentioned in the complaint are as follows:

Count 2:

"The plaintiff, a minor under the age of 21 years, suing by next friend, claims of the defendant the sum of, to wit, $5,000 as damages for that on heretofore, to wit, August 30, 1918, the defendant was engaged in the operation of a manufacturing plant for the manufacture of brick or other products at or near Fairfield, Jefferson county, Ala., and had in its employ in or about said manufacturing plant the plaintiff, together with other employés.

"Plaintiff avers that while he was engaged in the discharge of his duties within the line and scope of his employment by defendant he sustained the following injuries and damages, to wit: His right leg was broken, he was made cripple and lame, and plaintiff believes himself to be permanently lame, and he was bruised in and about his body, head, and limbs, and caused to suffer great mental and physical pain, inconvenience, and annoyance.

"Plaintiff avers his said injuries and damages were caused proximately by the negligence of the defendant in negligently failing to provide plaintiff with a reasonably safe place in which to do his work in the discharge of his duties within the line and scope of his employment."

Count 6:

"The plaintiff, a minor under the age of 14 years, suing by his next friend, claims of the defendant the sum of $5,000, as damages for that on heretofore, to wit, August 30; 1918, the defendant was engaged in the operation of a manufacturing plant for the making of brick or other products of like character at Fairfield, Jefferson county, Ala., and had in its employ in the aforesaid plant the plaintiff, together with other employés.

"Plaintiff avers that while he was in or near said manufacturing plant, by reason of his said employment by defendant, he received and sustained the following injuries and damages, to wit: His leg was broken, he was made sore and lame, and made a cripple for a long time, and plaintiff believes himself to be permanently lame, and his earning capacity permanently impaired, and he was caused to suffer great physical and mental pain and mental worry and inconvenience, and he was bruised and injured in and about his body, head, and limbs.

"Plaintiff avers that he received his said injuries as a proximate consequence of the wrongful conduct of the defendant's servants or agents, whose names are to plaintiff unknown, while engaged within the line and scope of their employment, which wrongful conduct consisted in this, to wit: That said servants or agents of defendant, while engaged within the line and scope of their employment by defendant, did wrongfully employ the plaintiff, then a boy under the age of 14 years, to work or labor in or about said manufacturing plant, in violation of an act of the Legislature of Alabama approved February 24, 1915, regulating the employment of minor children in the state of Alabama, prohibiting, on and after September 1, 1915, the employment of any child under 14 years of age in any gainful occupation except agriculture or domestic service. Wherefore plaintiff claims punitive damages. Hence this suit."

Miller & Graham, of Birmingham, for appellant. Court erred in overruling demurrers to the counts and complaints. 171 Ala. 274, 55 South. 185; 201 Ala. 553, 78 South. 908; 183 Ala. 310, 62 South. 804; 183 Ala. 298, 62 South. 808; 26 Cyc. 1384; 31 Cyc. 49, 100; 171 Ala. 251, 55 South. 170; 164 Ala. 231, 51 South. 230. The court erred in its charge as to exemplary damages. 165 Ala. 407, 51 South. 792; 92 Ala. 262, 9 South. 230; 91 Ala. 560, 8 South. 778; 117 Ala. 267, 22 South. 974; 121 Ala. 489, 26 South. 35; 76 Ala. 176; 184 Ala. 567, 64 South. 46; 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; 152 Ala. 113, 44 South. 661, 13 L. R. A. (N. S.) 561, 126 Am. St. Rep. 20; 5 Ala. App. 555, 59 South. 696; 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; 121 Ala. 221, 25 South. 609; 89 Ala. 318, 7 South. 437; 179 Ala. 186, 60 South. 583.

Hollis B. Parrish and F. D. McArthur, both of Birmingham, for appellee. There was no error in overruling the demurrers to counts 2 and 6. 179 Ala. 190, 60 South. 583; 161 Ala.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

435, 49 South. 867; 177 Ala. 260, 58 South. 108; 172 Ala. 503, 55 South. 611; 174 Ala. 616, 56 South. 995, 40 L. R. A. (N. S.) 890. Having employed a child defendant was an insurer of its safety. 179 Ala. 190, 60 South. 583; 16 Ala. App. 665, 81 South. 186; 186 Ala. 192, 65 South. 177, Ann. Cas. 1916E, 99. The exemplary damages were recoverable. 13 Cyc. 118; 8 R. C. L. 601; 3 U. S. Dig. (L. Ed.) 2460.

McCLELLAN, J. The plaintiff (appellee), a minor suing by next friend, was accorded a judgment against defendant (appellant) because of physical injury suffered by him while in the employment and service of the defendant. The plaintiff was 12 years of age when he was injured.

[1] The insistence that count 2 was defective and demurrer thereto erroneously overruled is not well founded. That count was not demurrable.

[2] The report of the appeal will reproduce count 6. The court overruled the demurrer to this count, proceeding, it seems, on the correct and applicable theory that the doctrine of these decisions justified its conclusion. De Soto Mining Co. v. Hill, 179 Ala. 186, 60 South. 583; Cole v. S. S. S. & I. Co., 186 Ala. 192, 65 South. 177, Ann. Cas. 1916E, 99; Brilliant Coal Co. v. Sparks, 16 Ala. App. 665, 81 South. 185, a decision of the Court of Appeals of which (the law thereby declared, as distinguished from conclusions of fact) this court said in response to petition for certiorari:

"The court holds that there was no error in the rulings on the pleadings, and finds no occasion to add to what the Court of Appeals has said on that subject"

—declining, as often before, to review that court's conclusions pertaining to evidence, and citing Postal Tel. Co. v. Minderhout, 195 Ala. 420, 71 South. 91, where previous decisions were noted. The Child Labor Act of 1915 (Gen. Acts, pp. 193 et seq.), under the provisions of which count 6 is drawn, does not provide that the employment of a minor is a forbidden service shall be knowingly done, as was the case in the child labor law contained in chapter 184 of the Criminal Code of 1907, a distinction that was noted in De Soto Mining Co. v. Hill, 179 Ala. at pages 194, 195, 60 South. 583. The effect of the Child Labor Act of 1915 (cited ante) was to inhibit the employment of minors, of defined ages, in any of the gainful occupations within the purview of that enactment. Knowledge, belief, motive, or intent are not essential to a violation of the rule of the Child Labor Act of 1915; the inhibition of the act, regardless of scienter, is the design and effect of that statute. State ex rel. v. Southern Exp. Co., 200 Ala. 31, 75 South. 343, 348, et seq. The pertinent contrary doctrine of Gordon v. State, 52 Ala. 308, 23 Am. Rep. 575, Adler's Case, 55 Ala. 16, and Gandy v. State, 82 Ala. 61, 2 South. 465, was denied application or operation in De Soto Mining Co. v. Hill, 179 Ala. 195, 60 South. 583, where the statute there considered was similar in design and phraseology to that now under review.

[3] At the instance of the plaintiff (appellee) the court instructed the jury that, if the plaintiff was entitled to recover under the pleaded theory that this minor was employed in violation of the Child Labor Act of 1915, which penalizes any infraction of its mandates, the plaintiff might be awarded punitive, exemplary damages, claimed in count 6. This was error of a highly prejudicial character. There was no evidence that the employment of this minor was characterized by any purpose or intent, positive or otherwise, on the part of any one to inflict injury upon him, and there was no evidence that malice of any kind, entertained by any one, characterized the act of employing him in the service in the performance of which this minor was injured. In the absence of such circumstances as our statement indicates, there was no possible right in the plaintiff to recover exemplary damages. In this jurisdiction the violation of, or the failure to observe, the mandate of a statute—even when its observation is enjoined by penal provisions—has always been held to constitute simple negligence only; and in no case of which this court is aware has it been decided that a wrong is willful or wanton solely because the act or omission, proximately causing the injury, was committed or omitted in violation of a penal statute. It cannot be ascertained from the record here what part or proportion of the sum stated in the verdict was awarded as or for nonrecoverable exemplary damages.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.