KILBY CAR & FOUNDRY CO. v. GEORGIA CASUALTY CO.    (7 Div. 379.)

(Supreme Court of Alabama. May 3, 1923.)

1. Exceptions, bill of ⊂⇒23—Documents held sufficiently identified by bill.

Motion to strike documents from bill of exceptions as not sufficiently identified was properly refused where the bill contained in the transcript recited, "Here counsel for plaintiff offered in evidence the agreement between G. and K." or "the policy of insurance," etc., setting out the respective documents, though the original bill of exceptions merely contained such introductory statement followed by directions such as "Here the clerk will set out agreement, marked plaintiff '1.'"

2. Appeal and error ⊂⇒856(5) — Appellate court may sustain trial court's grant of new trial on a different ground if contained in the motion.

Though the trial court limited its ruling on motion for new trial to certain grounds indicated, the court on appeal may look to any ground of the motion to sustain the ruling granting it.

3. Insurance ⊂⇒437—Indemnity company not bound to indemnify for injuries to minor unlawfully employed.

A casualty company agreeing to indemnify an employer against claims for damages from

bodily injuries, excluding injuries "suffered by or caused by any child employed contrary to law as to age," was not bound as to injuries to a child so unlawfully employed, notwithstanding the unlawful employment was not the cause of injury.

**4. Master and servant ⊙⇒95—Employment of child under age illegal, irrespective of knowledge.**

The employment of a child under 16 years of age in a rolling mill operated for gain is illegal unless the employer keeps on file employment certificate as provided by Gen. Acts 1915, p. 195, § 7, and scienter is immaterial.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Special Judge.

Action by the Georgia Casualty Company against the Kilby Car & Foundry Company, to recover money paid to an injured employé. From a judgment granting plaintiff's motion for a new trial, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The appeal was submitted on merits and a motion to strike certain documents from the bill of exceptions, on the ground the description given of the documents was insufficient.

The bill of exceptions, as contained in the transcript, in the several instances, recites: "Here counsel for plaintiff offered in evidence the agreement between the Georgia Casualty Company and Kilby Car & Foundry Company," or "a transcript from the records of births and deaths," etc., or "the policy of insurance," etc., "in words and figures as follows"—setting out the respective documents. The original bill of exceptions, brought up on certiorari, is shown to contain the like statements, as "Here counsel for plaintiff offered in evidence the agreement between the Georgia Casualty Company and the Kilby Car & Foundry Company (or other document, as the case might be) in words and figures as follows:" The respective documents are not therein set out in the original bill of exceptions, but there follows the· colon, in each instance, this parenthetical direction: "(Here the clerk will set out said agreement, marked 'Plaintiff 1')," or "said transcript, marked 'Plaintiff 2,'" or the like.

W. C. Tunstall, of Anniston, for appellant.

In the directions to the clerk there was no room for mistake, the identification of the documents was sufficient, and the motion to strike should be denied. Jones v. First Nat. Bank, 206 Ala. 203, 89 South. 437. A violation of Acts 1915, p. 193, § 7, as to keeping a certificate on file could, not be the producing cause of an injury to the child, and was not included in the exception in the policy. Birmingham News Co. v. Andrews, 204 Ala. 649, 87 South. 168.

Blackwell & Bibb and H. H. Evans, all of Anniston, for appellee.

When bills of exceptions contain blanks for the insertion of documents, same will not be considered, unless the bill so describes or identifies them that the transcribing officer unaided by memory, can readily and with certainty determine what document is referred to. Fuller v. Fair, 206 Ala. 654, 91 South. 592; Elliott v. Round Mt. C. & I. Co., 108 Ala. 640, 18 South. 689. The employment of a child under 16 in a rolling mill operated for gain is illegal, unless the employer keeps on file an employment certificate as provided by section of the Child Labor Law of 1915. Acts 1915, p. 195; Harbison-Walker Ref. Co. v. Hatcher, 203 Ala. 588, 84 South. 825; De Soto Min. Co. v. Hill, 179 Ala. 195, 60 South. 583. A child so employed is employed contrary to law as to age. Fulton Co. v. Mass. Bond. Co., 138 Tenn. 278, 197 S. W. 866.

THOMAS, J. This suit is by an insurance carrier for moneys paid out for the assured.

[1] 1. The motion is overruled; the several documents exhibited in the bill of exceptions were sufficiently identified. Jones v. First Nat. Bank, 206 Ala. 203, 89 South. 437; Fuller v. Fair, 206 Ala. 654, 91 South. 591.

2. The trial of the suit of the insurance carrier against the assured, resulting in a judgment for defendant, was followed by a motion for a new trial, which was granted upon the specific grounds that the trial judge had erred in refusing to give to the jury special written charges, made the basis of the sixth and seventh grounds of the motion for a new trial, and in charging the jury orally "that the employment of William Toney without an employment certificate was not an employment contrary to law as to age within the meaning of the policy of insurance."

The special charges referred to are:

"(10) I charge you that, if you believe the evidence, then the employment of a person under 16 years of age in the rolling mill of the defendant, without an employment certificate, was an employment contrary to law as to age."

"(11) I charge you that, if you believe the evidence, the employment of a person under 16 years of age to do the work William Toney was doing when he was injured was illegal unless the employer had an employment certificate covering such person."

[2] It may not be necessary to observe that, though the trial court limited its ruling on the motion for a new trial to the grounds indicated, this court may look to any ground of the motion as a basis on which to sustain the action of the lower court in granting that motion. Jones v. Jefferson County, 206 Ala. 13, 89 South. 174; Choate v. A. G. S. R. Co., 170 Ala. 590, 54 South. 507.

We will consider the grounds for the mo-

tion for a new trial in the order insisted upon in brief and argument. Appellant says of the evidence that it showed that Toney worked in a rolling mill, but not at rolling mill "machinery"—that is, if he was under 16 years of age, his injury was not the result of the unlawful employment.

[3] The stipulations of the parties, evidenced by the policy, were that, in consideration of the premiums and statements in the schedule, the casualty company was required to "indemnify the assured * * * against loss arising or resulting from claims upon the assured for damages on account of bodily injuries accidently suffered or alleged to have been suffered while this policy is in force, including death, * * * by any employee or employees of the assured by reason of the operation of the trade or business described in the * * * schedule, and to defend the assured and pay expenses and costs, subject to the following conditions which are to be construed as *conditions precedent*." Then follows, under condition A, subheading 2, the limitation: "Suffered by or caused by any child *employed* by the assured contrary to law as to age." (Italics supplied).

In the case of Birmingham News Co. v. Andrews, 204 Ala. 649, 87 South. 168, cited by counsel, the question is of causal connection between a violation of the Child Labor Law (Gen. Acts 1915, p. 193) by an employer and the injury to the child on which the suit is based. The construction appellant places upon this contract is that the exception in question could have been intended to cover only those cases where illegal employment would have had a causal connection to the injury. In this appellant is in error. It was a matter of contract between the insurance carrier and the assured, defining and limiting their respective liabilities. The terms of the policy are plain and unambiguous. There being no question of public policy or ultra vires involved, the law or rule of the contract is the law of the case. Morgan v. Prudential Life Ins. Co. (Ala. Sup.) 95 South. 355;[1] Union Central Relief Ass'n v. Johnson, 198 Ala. 488, 73 South. 816; Allen v. Standard Ins. Co., 198 Ala. 522, 73 South. 897.

[4] The foregoing is in line with the recognized rule that policies of insurance must be construed more strongly against the insurer; still the words of the policy must be given the meaning which they ordinarily bear, and, where it is manifest, as it is in the instant contract, that the intention of the insurer and the insured was that liability should attach only in given circumstances, the law will uphold the contract according to its true intent and import. It is a common expression of insurance law that the policy is the measure of the rights of everybody under it. N. W. Ins. Co. v. McCue, 223 U. S. 252, 32 Sup. Ct. 220, 56 L. Ed. 426, 38 L. R.

A. (N. S.) 57; Morgan v. Prudential Life Ins. Co., supra. The employment of a child under 16 years of age in a rolling mill operated for gain is illegal, unless the employer keeps on file an employment certificate, as provided by section 7 of the Child Labor Law (Gen. Acts 1915, pp. 193, 195). Harbison-Walker Refractories Co. v. Hatcher, 203 Ala. 588, 84 South. 825; De Soto Mining Co. v. Hill, 179 Ala. 186, 195, 60 South. 583; Fulton Co. v. Massachusetts Bonding & Ins. Co., 138 Tenn. 278, 197 S. W. 866. Scienter is immaterial. State ex rel. Black v. Southern Express Co., 200 Ala. 31, 75 South. 343.

The action of the trial court in granting the motion for a new trial is covered by the rule long obtaining in this state, and well announced in Cobb v. Malone, 92 Ala. 630, 9 South. 738. A careful consideration of the whole record convinces us that the evidence does not plainly or palpably fail to support the lower court in granting the motion.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.