(114 So. 420)
## SINGER SEWING MACH. CO. v. HAYES.
### (6 Div. 88.)

Court of Appeals of Alabama. Nov. 8, 1927.

Fort, Burton & Jones, of Birmingham, for appellant.

Ewing, Trawick & Clark, of Birmingham, for appellee.

SAMFORD, J. ▇ The cause was tried on counts 3, 9, and 10, each claiming damages from defendant for and on account of a trespass in the taking of a certain sewing machine of which plaintiff was in possession, and count 11, claiming damages quare clausum fregit, and charged the breaking and entering of plaintiff's residence in her absence, and in a manner greatly to the humiliation of plaintiff. There were special pleas setting up a contract which authorized defendant to enter and seize the machine. To these pleas demurrers were interposed and sustained on the ground that the defense pleaded was available under the plea of the general issue, and on the trial this defense was allowed and passed on both in evidence and the charge of the court to the jury.

It is now the settled rule in this state that reversible error will not be predicated upon erroneous rulings of the trial court in sustaining demurrers to special pleas, when and where the defendant can and does have every advantage of such pleas under the plea of the general issue. Atlantic Coast Line R. Co. v. Carroll, 208 Ala. 361, 94 So. 820; Wilson v. Orr, 210 Ala. 93, 97 So. 133; Whitaker v. Hofmayer, etc., 211 Ala. 160, 99 So. 911.

The plaintiff purchased from the defendant company a certain described sewing machine on what is known as the "installment plan"; i. e., a payment cash and deferred payments of equal amounts at stated intervals, until the full amount is paid. Title to the machine is retained in the company, and provision is made in the contract that in case of default in any payment when due:

"It is expressly understood and agreed by and between the parties aforesaid that, if the rent above agreed to be paid, or any part thereof shall be unpaid on the day agreed upon, as aforesaid, or if default shall be made in any of the conditions or agreements herein contained, to be kept by the party of the second part, then in that case this lease shall be forfeited and ended, without notice, at the election of the said company or its representative.

"At the termination of this lease by forfeiture, the said party of the second part agrees to deliver up possession of said sewing machine to the said party of the first part in as good condition as when the same was received, ordinary wear excepted, and, in case said sewing machine is not delivered up voluntarily, the said company or its representative is hereby authorized by the said party of the second part to enter any premises under his control where said sewing machine may be found, and take same and carry it away, without process of law, and the said party of the second part hereby waives any right of action for trespass or damages which he might or could have against the said company or its representative by reason of the party of the first part or its representative procuring, or attempting to procure, possession of said sewing machine, after forfeiture as aforesaid."

▇ It is further shown or admitted that, at the time of the alleged trespass, plaintiff was in default in her payments under the contract of lease and sale, and had been for several months, and, as to defendant, had lost the right of possession. Not having the title or right to possession, she cannot maintain an action for trespass against the rightful owner, who has the right to the immediate possession of the property which through its agents it took. The owner of personal property may recapture and take it into his own possession whenever and wherever he may peaceably do so, and in so doing he will not be guilty of trespass. 26 R. C. L. 949, par. 24; Stowers F. Co. v. Brake, 158 Ala. 639, 48 So. 89; Carter v. Fulgham, 134 Ala. 238, 32 So. 684; Alabama G. S. R. Co. v. Jones, 71 Ala. 487. But even in taking possession of his own property he must commit no trespass, violence, force, or breach of the peace. If he cannot regain possession of his property peaceably, he must appeal to the courts of the country. Folmar & Sons v. Copeland et al., 57 Ala. 588. However, when the taking is by the rightful owner of personal property, who at the time has the legal title and right to immediate possession, the right of action does not lie for the taking, but, if at all, for the taking by force or the commission of a breach of the peace, which must be alleged and proven. It is not the act of taking the property by the rightful owner which gives a right of action, but the unlawful force used in enforcing the legal right.

▇ Under the undisputed facts in this case defendant had the legal title to the sewing

machine, with the right of immediate possession. The plaintiff, under her contract with defendant, had forfeited every semblance of right in and to the property, and, coupled with this, was a permission given the defendant to enter the house of plaintiff, and to take and carry away the machine. Counts 3, 9, and 10 claimed simply for the wrongful taking of a sewing machine, which, under the undisputed evidence, the defendant had a perfect legal right to take. As to these counts the defendant was entitled to the general affirmative charges as requested, and for the errors of the trial court in refusing to give these charges the judgment must be reversed.

The foregoing ruling obviates the necessity of passing upon other questions raised, except in so far as such rulings may affect another trial, and those are here dealt with in a general statement of the law.

■■ Count 11 states a good cause of action. Even granting the defendant's right to take the machine, it would not have the right to break into and enter plaintiff's residence in the manner alleged in the complaint even to exercise a legal right. If the defendant by and through its agents, acting within the line and scope of their employment, broke into and entered plaintiff's residence, this would be actionable trespass, for which substantial damages would be authorized. If, on the contrary, the defendant's agents went to the residence of plaintiff, found the door open, and, seeing the property of defendant, went in and seized it, this would not be such trespass as would authorize a verdict, although the taking may have humiliated the plaintiff.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.