157 So. 458

## COX v. STUART.

### 7 Div. 6.

Court of Appeals of Alabama.
June 19, 1934.

Rehearing Denied Oct. 2, 1934.

Inzer, Davis & Martin and McCord & McCord, all of Gadsden, for appellant.

Miller & Miller, of Gadsden, for appellee.

BRICKEN, Presiding Judge.

This was an action in trespass for the alleged wrongful taking of certain personal property. The two counts in the complaint each follow section 9531 of the Code 1923, form 25. The plea was general issue in short by consent.

■ It appears without dispute plaintiff obtained possession of part of the furniture described in the complaint under certain lease contracts that contained a clause to the effect that if the payments called for by the contracts were not made the furniture described in the contracts might be repossessed and the seller or its assignee authorized and empowered "to enter the premises wherever the said furniture may be and take and carry away the same." The remainder of the furniture was subject to a chattel mortgage, executed by the appellee and her husband to the appellant on the 1st day of March, 1932, to secure an indebtedness of $87.10. This mortgage was in default at the time the property was taken. The mortgage contains a provision to the effect that if the note was not paid at maturity the mortgagee was authorized to take possession of the property described in the mortgage, and after giving ten days' notice of the time, place, and terms of sale, together with a description of the property, by publication, to sell the same to the highest bidder at the courthouse door of the county or at a private sale, and to execute title to the purchaser. The mortgage debt has not been paid, and there was a balance due on the lease sale contract at the time of the alleged wrongful taking. The lease sale contracts and the mortgage in the record unquestionably show that the legal title to the property involved in this litigation was in the appellant at the time of the alleged wrongful taking. It seems conceded that there is a balance due on the lease sale contracts and mortgage. We think that the law is clear the defendant was entitled to immediate possession of the property at the time it is alleged he took the same. Holman v. Ketchum, 153 Ala. 360, 45 So. 206.

■ In the case of Singer Sewing Machine Co. v. Hayes, 22 Ala. App. 250, 114 So. 420, 421, this court said:

"It is further shown or admitted that, at the time of the alleged trespass, plaintiff was in default in her payments under the contract of lease and sale, and had been for several months, and, as to defendant, had lost the right of possession. Not having the title or right to possession, she cannot maintain an action for trespass against the rightful owner, who has the right to the immediate possession of the property which through its agents it took. The owner of personal property may recapture and take it into his own possession whenever and wherever he may peaceably do so, and in so doing he will not be guilty of trespass. 26 R. C. L. 949, par. 24; Stowers F. Co. v. Brake, 158 Ala. 639, 48 So. 89; Carter v. Fulgham, 134 Ala. 238, 32 So. 684; Alabama G. S. R. Co. v. Jones. 71 Ala. 487. But even in taking possession of his own property he must commit no trespass, violence, force, or breach of the peace. If he cannot regain possession of his property peaceably, he must appeal to the courts of the country. Folmar & Sons v. Copeland et al., 57 Ala. 588. However, when the taking is by the rightful owner of personal property, who at the time has the legal title and right to immediate possession, the right of action does not lie for the taking, but, if at all, for the taking by force or the commission of a breach of the peace, which must be alleged and proven. It is not the act of taking the property by the rightful owner which gives a right of action, but the unlawful force used in enforcing the legal right.

"Under the undisputed facts in this case defendant had the legal title to the sewing machine, with the right of immediate possession. The plaintiff, under her contract with

defendant, had forfeited every semblance of right in and to the property, and, coupled with this, was a permission given the defendant to enter the house of plaintiff, and to take and carry away the machine. Counts 3, 9, and 10 claimed simply for the wrongful taking of a sewing machine, which, under the undisputed evidence, the defendant had a perfect legal right to take. As to these counts the defendant was entitled to the general affirmative charges as requested, and for the errors of the trial court in refusing to give these charges the judgment must be reversed."

Counts 1 and 2 in the case at bar claim simply for the wrongful taking of personal property as did counts 3, 9, and 10 in the case quoted from hereinabove. In the form in which the action was sought to be maintained, we cannot escape from the rule announced in the authority above referred to.

Numerous rulings of the trial court in its oral charge to the jury which are assigned as error, as well as in the refusal of written charges requested by the appellant in writing and refused, are in conflict with the principles there laid down. It results from what we have said that the judgment must be reversed, and the cause remanded.

Reversed and remanded.

## On Rehearing.

When this case was before this court on its original submission it received our careful consideration. We wrote to what impressed us as being the controlling and decisive question in the case. We pretermitted any discussion of several questions assigned and argued as error for the very obvious reason that under our view of the controlling question a decision on those other questions would not affect the result. The enormous amount of work required of this court by the large number of appeals we are called on to consider, together with the rights of litigants to have their causes promptly disposed of, may furnish some excuse, if not complete justification, for our effort to devote our attention in the main to the controlling question made by the records submitted to us.

With all the forms of action and pleading available to her that the law of Alabama afforded, the appellee selected form 25, in section 9531 of the 1923 Code. The limitations under that form were pointed out in Singer Sewing Machine Co. v. Hayes, 22 Ala. App. 250, 114 So. 420. No good reason appears why we should recede from what was there said. Had the appellee in this case by appropriate averments complained of the use of unlawful force, in the exercise of a legal right, instead of limiting herself to a claim of a "wrongful taking" of the property, a different proposition would be up for consideration.

On submission the appellee placed some motions, in writing, in the transcript to strike certain exhibits from the record. These motions appear on legal cap paper and not on the motion docket of this court as the rules of practice require. For that reason alone, the court need not have considered the motions to strike. However, under the decision of the Supreme Court in Kilby Car & Foundry v. Georgia Casualty Co., 209 Ala. 356, 96 So. 319, it appears that the motions are without merit. The exhibits sought to be stricken by the motions *are incorporated in the bill of exceptions*. They were numbered Exhibit 1, Exhibit 2, and so on when they were offered and *admitted* in evidence and are so numbered in the bill of exceptions. The identification is sufficient.

Under the case of Interstate Lumber Co. v. Duke, 183 Ala. 484, 62 So. 845, evidence offered by appellant tending to show good faith on the part of appellant in taking the property involved was admissible and its exclusion was reversible error.

The appellee takes exception to the statement in our original opinion that the mortgage on the property was in default at the time the property was taken. The mortgage was due on September 1, 1932. The alleged trespass occurred on April 26, 1932. We confused the date on some lease contracts with the date on the mortgage, and we find in this respect we were in error and that the learned counsel for appellee is correct. However, this cannot change our conclusion that the judgment must be reversed. As to the property covered by the lease sale contracts, what we said in the original opinion stands, and error intervened in the refusal of the charges made the basis of seventy-fourth and seventy-sixth assignments of error.

Further treatment of the numerous assignments of error is deemed unnecessary.

The application for rehearing is overruled.