73 So.2d 575

**BARNETT et al. v. BOLLING.**

**3 Div. 977.**

Court of Appeals of Alabama.

June 22, 1954.

D. Eugene Loe, Richard C. Belser, Montgomery, for appellants.

Virgil McGee, Montgomery, for appellee.

CARR, Presiding Judge.

The counts in the complaint are in trespass and detinue.

The trial resulted in a verdict and judgment in favor of the plaintiff for $750 damages.

We entertain the view that the defendant was entitled to the general affirmative charge as requested. This will be decisive of this appeal, so we will confine our review to only this question.

The plaintiff below purchased an automobile from Smith Motor Company and executed a conditional sales contract for the balance due on the purchase price. The installment payments were to be twenty-four in number at $105 each, and due on the 15th of each month beginning April 15, 1953.

The contract was assigned to the defendants below.

On the date the first payment was due, the appellee did not have sufficient funds to make the payment. Mr. Wright, the assistant manager of Home Finance Company, testified that he was informed of this fact and agreed to wait until the 20th of April for the remittance.

The appellee testified that she saw a "collector" from the Home Finance Company on April 21 and again on April 22.

On the latter date she offered to pay the "collector" the amount due, but he refused to accept the payment unless she added $5 for the expense of his trips and trouble in his effort to make the collection.

This aspect of the proof was denied by the appellants in so far as it related to any person connected with the Home Finance Company. In fact, the effect of the evidence is that the appellants had no knowledge at all of these visits and agreements.

On April 22 the appellee appeared at the office of the appellants and was there informed by the manager that the automobile had that day been repossessed because of the default in the payment of the installment due on April 15.

We are not favored with a brief by the appellee, but we conclude from the record that the doctrine of waiver was relied on as a defense to the trespass counts.

As we have pointed out, there is no proof that the person who saw the appellee on the 21st and 22nd of April was the agent of the appellants or had any authority to agree to any deferment subsequent to the 20th of April.

 Trespass is the unlawful or wrongful interference with the possession of another, the gist of the action being the disturbance of the possession. Pollard v. Pollard, 207 Ala. 270, 92 So. 488.

There is no aspect of the evidence which warrants any application of the doctrine relating to violence, force, or breach of the peace in repossessing the property in question.

It is well settled by the authorities that an owner of personal property may peacefully retake the property and in doing so will not be guilty of a trespass. Singer Sewing Machine Co. v. Hayes, 22 Ala.App. 250, 114 So. 420; Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89.

The conditional sales contract in the case at bar contains the familiar provision that title to property shall not pass to purchaser until the balance due on the purchase price is fully paid.

Under the evidence in its most favorable light for the appellee, we hold that the appellants were due the general affirmative charge.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.