(78 South. 898)

## SLOSS–SHEFFIELD STEEL & IRON CO. v. CROSBY. (6 Div. 649.)

(Supreme Court of Alabama. April 11, 1918.)

1. MASTER AND SERVANT ⬤⟲258(15)—ACTION FOR INJURY—SUFFICIENCY OF COMPLAINT.

A complaint alleging that plaintiff was employed by the contractor operating defendant's mine, and was being transported in a tram car operated by defendant for the transportation of laborers and ore, and that through defendant's negligence the tram car was derailed, and plaintiff was hurt, was good as against a demurrer.

2. MASTER AND SERVANT ⬤⟲241—ACTION FOR INJURY—CONTRIBUTORY NEGLIGENCE.

In such action, defendant could not escape its duty, nor plaintiff be convicted of contributory negligence, because of the fact that he did what he was expected to do by riding in the tram car, and which better suited the reasonable convenience of both himself and defendant.

3. TRIAL ⬤⟲253(9)—INSTRUCTIONS—IGNORING ISSUE—CONTRIBUTORY NEGLIGENCE.

In such action, a charge that if plaintiff had the choice of two ways of getting out of the mine, one of which was safe and the other dangerous, it was his duty to take the safe way, was properly refused, where it ignored evidence that the trip was run for the use and convenience of the plaintiff.

4. MASTER AND SERVANT ⬤⟲284(2) — RELATION—QUESTION FOR JURY.

In such action, whether plaintiff was employed by defendant, or by the contractor, held, under the conflicting evidence, a question for the jury.

5. MASTER AND SERVANT ⬤⟲276(2)—INJURY TO SERVANT—CAUSE OF INJURY—QUESTION FOR JURY.

In such case, it was for the jury to say from the evidence what caused the accident resulting in plaintiff's injury.

6. MASTER AND SERVANT ⬤⟲289(21)—PERSONAL INJURY—ASSUMPTION OF RISK.

In such case, held, on the evidence, that it was for the jury to say whether riding upon the tram car "or slow drag," loaded with coal, was so obviously dangerous that, in the exercise of ordinary prudence, plaintiff should not have ridden on it.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Joe Crosby against the Sloss-Sheffield Steel & Iron Company for damages for personal injury while in the employment of defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

Charge 1 is as follows:

If plaintiff had the choice of two ways in getting out of the mine, one of which was safe and the other dangerous, it was his duty to take the safe way.

Tillman, Bradley & Morrow, of Birmingham, for appellant. Charles A. Calhoun and John T. Glover, both of Birmingham, for appellee.

SAYRE, J. [1] This case went to the jury on count A of the amended complaint. The demurrer to this count was rather general in the statement of its grounds, but, pretermitting consideration of the objection taken to the demurrer itself on that account, it was properly overruled. The count, to state it in brief, shows that plaintiff (appellee) was in defendant's mine as a laborer employed by the contractor by and through whom defendant was operating its mine; that as such laborer he was being transported on a tram car which was operated by defendant for the transportation of ore and laborers; and that defendant so negligently conducted itself in and about transporting plaintiff that the tram car was derailed, whereby plaintiff was hurt. These averments made it sufficiently plain to a common intent that plaintiff was in defendant's mine and upon its tram car in the assertion and exercise of a lawful right, and thereby the duty of care for his safety which defendant owed plaintiff; its breach; and the harmful consequences suffered by plaintiff. The count was proof against the demurrer. Lookout Mountain Iron Co. v. Lea, 144 Ala. 169, 39 South. 1017; Armstrong v. Montgomery Street Ry. Co., 123 Ala. 233, 26 South. 349.

[2, 3] Charge 1, refused to defendant, had no proper office to perform in the case made by the evidence. That trip of the car or train of cars on which plaintiff was riding when hurt, known in the parlance of the mine as the "slow drag," was run by defendant for the purpose of carrying men out of the mine, plaintiff included; and it seems too plain for extended argument that defendant could not escape its duty to plaintiff in the premises, nor plaintiff be convicted of contributory negligence, by reason of the fact that he did what he was expected to do, and, we may add, what very clearly appeared to better serve the reasonable convenience of both himself and defendant, even though it may have been safer in some degree to walk—at least there was evidence to sustain the proposition that the trip was run for the use and convenience of plaintiff and others in his situation; but this view of the case the charge ignored, so that, in any event, it was properly refused.

[4-6] The other charges refused to defendant were, or amounted to, the general affirmative charge, and they were refused without error. The question whether plaintiff was

employed by the contractor, as alleged in the complaint, or whether he was employed by defendant, and so was a coemployé of the person to whose negligence his hurt was attributed, was under the conflicting tendencies of the evidence a question for the jury. Likewise it was for the jury to say what caused the accident which resulted in plaintiff's injury. We do not feel authorized to say that the verdict, which must have rested upon a finding that the accident resulted from operating a "slow drag" too rapidly, for that was plaintiff's contention, was the result of mere surmise. The testimony of several witnesses pointed to this conclusion. Nor was defendant entitled to these charges, or any of them, on the idea that it appeared without dispute that plaintiff was guilty of contributory negligence— or assumed the risk, as it is stated in some of the pleas—by reason of the fact that he rode upon the "slow drag." To this we have already adverted. It may be further said in the same connection that, at the very least, it was a question for the jury whether to ride upon the "slow drag" was, by reason that it was loaded with coal, so obviously dangerous that in the exercise of ordinary prudence plaintiff should have stayed off of it.

What has been said will also disclose the reasons for our opinion that the court committed no error in overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.