(87 South. 168)

## BIRMINGHAM NEWS CO. v. ANDREWS.
### (6 Div. 984.)

(Supreme Court of Alabama. Oct. 14, 1920. Rehearing Denied Nov. 18, 1920.)

**1. Master and servant ⬅13—Statute regulating child labor hours not protection against dangers.**

The provision of Child Labor Act, § 2, limiting hours during which children may be employed, was intended to protect the health of the children, and not to prevent physical injuries to them.

**2. Master and servant ⬅95—Injuries to child in prohibited occupation actionable.**

Employment of a child in an occupation or place regarded as inherently dangerous so that employment is absolutely prohibited under the Child Labor Act, makes the employer liable for all injuries to the child during his employment, whether resulting from performance of services or of contact with some agency associated with the employer's business or inherent in its environment.

**3. Master and servant ⬅95 — Violation of Child Labor Act must be cause of injury to impose liability.**

Though the employment of a child in violation of the Child Labor Act is negligence per se, civil liability does not follow unless the child suffers from injury which is in a legal sense the proximate result of the violation of the statute, and therefore within its protective purpose.

**4. Master and servant ⬅96(1)—Employment of minor at prohibited hours held not cause of injury.**

The employment of a boy under 16 at hours prohibited by Child Labor Act, § 2, in the circulating room of a newspaper, which is not a place inherently dangerous or where such employment is prohibited at all times, does not make the master liable for injuries to the boy resulting from falling or jumping down a chute while playing, since such injury might have occurred at any hour, and the violation of the statute had no causal connection therewith.

Appeal from Circuit Court, Jefferson County; D. A. Green, Judge.

Action by Herman Andrews by his next friend against the Birmingham News Company for damages for personal injuries. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint charges that the defendant negligently employed the plaintiff, a child under 16 years of age, to work at a gainful occupation in its publishing and printing plant after the hour of 6 p. m. and before the hour of 6 a. m.; that while so employed the plaintiff was injured by falling or sliding or being thrown from a chute in said plant, and that this injury was the proximate result of the plaintiff's employment as aforesaid.

The case was tried on the general issue, with leave to give in evidence any matter of legal defense as if specially pleaded. Plaintiff's account of his employment and his injury is substantially as follows:

He had been working for defendant nearly a year, first selling papers, and then in the circulation department. His duty, when injured, was pulling papers from the press, or from the packer, which came up from the press down below through an opening. He started at this work on this occasion at 2 o'clock a. m. as usual, after having been roused up from sleep, and after being engaged in play with several other boys and one Mongol, an adult employee of defendant in charge of the delivery trucks. "When the machine was running, Mr. Mongol slipped up on me and tried to grab me, and I let the press down, I was fixing to take the papers off. * * * I was doing that at that time. He slipped up on me; come through that new door and grabbed at me and missed me, and I jumped backward * * * and stumbled over the bench there to lay the papers on, and fell through the chute backward, on my way back, and slid through the side of the truck. * * * It was about a yard from where Mongol jumped at me to the chute. I went all the way down the chute, it was as slick as glass. * * * Mr. Mongol saw me when I stumbled through the chute."

The tendency of the evidence for the defendant was to show that the plaintiff was employed in the circulation department, and had no authority or occasion to be in the mailing department, which was separated by an iron partition, but with a connecting door and window; that there was no machinery of any kind in the circulation department where plaintiff was employed; that the chute through which plaintiff fell from the mailing department was merely a hole in the wall, even with the floor, with a slide to carry the papers down to the trucks; that plaintiff

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and several other boys had been playing around Mr. Mongol shortly before 2 o'clock a. m., waking him up from sleep and running away from him; that in doing so plaintiff jumped through the window into the mailing department and then jumped feet foremost into the chute.

Mongol testified that plaintiff and the other boys had been disturbing his sleep, and he chased them away, but that he did not follow plaintiff into the mailing room at all; that plaintiff ran away, thinking he was after him, because plaintiff had thrown a shoe at Mongol. Other witnesses stated that Mongol was at the outer side of the door to the mailing room when plaintiff went into the chute.

There was no serious dispute as to plaintiff's being under 16 years of age. His injury consisted of a simple fracture of the ankle which gave considerable pain, and kept him confined and on crutches for a month or more.

The trial judge refused to give for defendant the general affirmative charge, as requested in writing.

There was a verdict for plaintiff for $5,000, and judgment accordingly, which was afterwards reduced by the court to $3,000. The appeal is from the corrected judgment, and from the judgment amending defendant's motion for a new trial.

Percy, Benners & Burr, of Birmingham, for appellant.

Where plaintiff received his injuries as a proximate consequence of the negligence of a third person, for whose acts defendant was not responsible, defendant is entitled to the affirmative charge. 71 South. 685; 155 Ala. 382, 46 South. 587; 101 Ala. 309, 14 South. 10, 22 L. R. A. 361. Where the evidence relied on is a violation of a statute, and the evidence shows that the injury was not the proximate result of such violation, but was of some other act, the defendant is entitled to the affirmative charge. 80 Ala. 505, 2 South. 343; 80 Ala. 615, 2 South. 738; 97 Ala. 194, 11 South. 894; 180 Ala. 185, 60 South. 383; 71 South. 685.

Beddow & Oberdorfer, of Birmingham, for appellee.

Having employed the child in contravention of the statute, the employer became the absolute insurer of its safety against injury while in and about the forbidden place. 81 South. 184; 170 Ala. 186, 54 South. 213, Ann. Cas. 1912C, 1093; 186 Ala. 192, 65 South. 177, Ann. Cas. 1916E, 99. The right of action arises, if the injury resulted from the employment and was incident to any of the risks or dangers in and about the business. Authorities supra. In order to entitle the defendant to the affirmative charge, the evidence must be entirely free from doubt or adverse inference as to the proximate cause. 188 Ala. 233, 66 South. 479. The test is to be found, not in the number of intervening events or agencies, but in their character, and in the natural connection between the wrong done and the injurious consequences. 29 Cyc. 499; 56 N. J. Eq. 333, 38 Atl. 438. The employment of the infant in contravention of the statute is an act of negligence conclusive of the proximate cause, if the injury occurred while he was at the prohibited place. 125 Va. 442, 99 S. E. 589; 83 Kan. 533, 112 Pac. 145; 7 Idaho, 171, 61 Pac. 521; 116 N. W. 107; 78 W. Va. 517, 89 S. E. 284, L. R. A. 1917A, 1128; 214 Ill. 515, 73 N. E. 756; 139 Tenn. 511, 202 S. W. 69.

SOMERVILLE, J. [1] The complaint charges a violation by the defendant company of a provision of section 2, as italicized below, of the Child Labor Act (Gen. Acts 1915, p. 193), which is as follows:

"No child under sixteen years of age shall be employed, permitted or suffered to work in any gainful occupation except agriculture, or domestic service for more than six days in any one week, or more than sixty hours in any one week, or more than eleven hours in any one day, or *before the hour of six o'clock in the morning, or after the hour of six o'clock in the evening.*"

These several inhibitions are obviously intended to protect the physical health of children against the evils of excessive and unseasonable hours of work at an age when they are unfit to bear such burdens, and the prevention of physical injuries in occupations and at places not inherently dangerous to children within the prohibited age was not within the apparent purpose of the enactment.

[2] Other provisions of the act inhibit absolutely the employment of children under 16 years of age in occupations and at places which are regarded as inherently dangerous or hurtful to them. Their presence at such places being forbidden and unlawful, an employer is held liable for any injury suffered by a child in the course of its employment, whether such injury is the result of performing the service, or of contact with some agency associated with the employer's business, or inherent in its environment. De Soto Coal M. & D. Co. v. Hill, 179 Ala. 186, 60 South. 583; Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 South. 685; Cole v. Sloss-S. S. & I. Co., 186 Ala. 192, 65 South. 177, Ann. Cas. 1916E, 99; Brilliant Coal Co. v. Sparks, 16 Ala. App. 665, 81 South. 185. Injuries from such sources it is the purpose of the statute to prevent, and they are regarded as the proximate result of the wrongful employment whether suffered at work or in irrelevant and forbidden play. Many authorities are cited in brief of counsel which support and establish this view. As said in Strafford

v. Rep. Iron Co., 238 Ill. 371, 87 N. E. 358, 20 L. R. A. (N. S.) 876, 128 Am. St. Rep. 129:

"There may be, and doubtless are, positions in the industries in which children under fourteen years of age are forbidden by the statute to be employed, where there would be little or no hazard to life or limb if the child confined himself exclusively to the duties of such position; but the childish inclination to experiment and do something he has seen others do is so well known as to make it dangerous to permit his employment in establishments, especially where machinery is used, and the Legislature has therefore seen fit to prohibit his employment in any capacity in such establishments; and we are of opinion that to hold that a child, who is employed in violation of the statute and directed to perform a certain line of work, but who temporarily abandons it and attempts to do something else in the master's business, whereby he is injured, is precluded from recovering if his negligence contributed to his injury, would seriously affect the purposes sought to be accomplished by the statute. Nor in such case can it reasonably be said that there is no causal connection between the employment and the injury."

In Iron & Wire Co. v. Green, 108 Tenn. 161, 65 S. W. 399, cited and reviewed with approval in the Illinois case, it was held that, even though the plaintiff child had left his duties, and while playing in the yard was injured by a pile of iron fencing falling on him—

"the connection between the employment and the injury is that of cause and effect, and brings the complainant within the operation of the statute."

See, also, the following cases: Standard Red Cedar Chest Co. v. Monroe, 125 Va. 442, 99 S. E. 589; Miller Mfg. Co. v. Loving, 125 Va. 255, 99 S. E. 591; Chabot v. Pittsburgh Plate Glass Co., 259 Pa. 504, 103 Atl. 283; Starnes v. Albion Mfg. Co., 147 N. C. 556, 61 S. E. 525, 17 L. R. A. (N. S.) 602, 15 Ann. Cas. 470; Stehle v. Jaeger, etc., Mach. Co., 225 Pa. 348, 74 Atl. 215, 133 Am. St. Rep. 884; Berdos v. Tremont Mills, 209 Mass. 489, 95 N. E. 876, Ann. Cas. 1912B, 797, and note, 803–810.

In Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 South. 685, commenting upon the case of De Soto, etc., Co. v. Hill, 179 Ala. 186, 60 South. 583, and the statute forbidding child labor in mines, we said:

"Such prohibitions, extending usually to children under 14 years of age, are, no doubt, intended to protect immature children, not only against the perils of their own immediate tasks, but also against their propensity to playful diversions, and the general perils of their environment."

We have thus reviewed at some length the scope and application of those statutory provisions which forbid the employment of young children in certain pursuits and at certain places which are regarded as inherently dangerous to them, in order to emphasize the distinction which we think must be recognized as between such pursuits and places and those in and at which such children may be lawfully employed, with regulations and restraints only as to the periods and hours of their employment.

If a newspaper mailing or circulation department were a forbidden place for the employment of children, we think it would at least be a question for the jury to determine, upon the several aspects of the evidence here exhibited, and under the authorities noted, whether or not the unlawful employment of plaintiff was the proximate cause of his injury.

But defendant's newspaper plant, so far as it is here involved, was not a place of danger, and was not a forbidden place under the provisions of the Child Labor Act. The inhibitions of section 2 do not contemplate the protection of children against any supposed dangers inherent in the mailing or circulation rooms of such establishment; and, so far as the occupation and environment of plaintiff are concerned, his injury could as well have happened at any other time as during the prohibited hours of his employment. He would have been just as likely to have engaged in play at 5 o'clock p. m. as 11 p. m., or at 7 o'clock a. m. as at 5 a. m., and just as likely to have jumped or stumbled into the chute at one of these times as another. In short we can discover no causal relation, in the legal sense, between plaintiff's mishap and the hours of his employment and presence in the newspaper rooms.

[3] Although the employment of a child in violation of the statute is negligence per se, the authorities all hold, and correctly so, that civil liability does not follow unless the child suffers some injury which is, in a legal sense, the proximate result of the violation of the statute, and therefore within its protective purposes. If the violation of the law, whether statutory or common, furnishes merely the casual condition attendant upon the injury suffered, and is not an indispensable agent co-operating directly in its production, it is not the proximate cause of the injury, and there is no liability. This distinction was carefully stated in the case of Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 South. 685.

[4] If, as plaintiff's testimony tends to show, defendant's servant Mongol was playing with plaintiff, and slipped up on him and grabbed at him, just as he was going to work, causing him to stumble backward into the chute in the effort to escape; or if, as defendant's testimony tends to show, plaintiff in play intentionally jumped into the chute, in either case that act and the resulting injury cannot, upon sound principle or sound logic, be referred to defendant's breach of the statute as their proximate cause.

It results from this view of the law and

the evidence that defendant was entitled to the general affirmative charge, as requested in writing, and its refusal was error.

Let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes