(99 South. 177)

**IVEY v. RAILWAY FUEL CO.    (6 Div. 44.)**

(Supreme Court of Alabama.    Feb. 7, 1924.)

**1. Death ⬱47—Complaint held to state cause of action for minor's death by "wrongful act."**

A complaint which alleged that defendant operated a coal mine and "suffered plaintiff's intestate, * * * a minor under 16 years of age, to work in said mine, * * * and as a proximate consequence thereof plaintiff's intestate was killed," *held* to sufficiently charge a violation of Child Labor Law, § 6, constituting a "wrongful act" within homicide statute (Code 1907, § 2486), giving a right of action for death by wrongful act.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Wrongful Act.]

**2. Death ⬱47—Complaint need not allege action brought under statute nor act complained of was wrongful.**

A complaint in an action for death by wrongful act need not allege that the action is brought under the homicide statute, nor need it allege that the act complained of was wrongful or unlawful, when the act itself is specified and is wrongful per se.

**3. Pleading ⬱21—Allegations of pleading held not inconsistent.**

In an action for death by wrongful act, allegations that defendant permitted and suffered plaintiff's intestate, a minor, to work in an underground mine, and the further allegation that he was not an employee of defendant, *held* not inconsistent.

**4. Death ⬱47—Complaint held to show duty and breach thereof.**

Allegations of a complaint in an action for death by wrongful act, showing that deceased was permitted to work in defendant's mine in violation of the Child Labor Law, *held* sufficient to show the duty of defendant and a breach of that duty.

**5. Pleading ⬱8(2)—Allegation held not defective as conclusion of pleader.**

In an action for death by wrongful act, an allegation of the complaint that deceased "was not an employee of defendant" *held* not defective as a conclusion of the pleader.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by J. B. Ivey, as administrator of the estate of Joe Lucy, deceased, against the Railway Fuel Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Count 4 of the complaint is as follows:

"The plaintiff, who sues as administrator of the estate of Joe Lucy, deceased, claims of the defendant $100,000 damages, for that, on, to wit, February 28, 1921, the defendant was engaged in operating a coal mine at Parrish, in Walker county, state of Alabama, mining coal through underground slopes, excavations, or tunnels, and plaintiff avers that said defendant permitted or suffered plaintiff's intestate, who was then and there a minor under 16 years of age, to work in said mine in an underground excavation or tunnel, and as a proximate consequence thereof plaintiff's intestate was killed, on, to wit, February 28, 1921. Plaintiff avers that at the time of the grievances herein complained of plaintiff's intestate was not an employee of the defendant. Plaintiff avers the death of his intestate occurred in this wise: Loose loaded mine cars were allowed by defendant's servants or agents, while acting within the line and scope of their employment, to run away and run into said mine and against intestate and kill him while in said mine."

The trial court sustained defendant's demurrer to this count, the grounds of the demurrer being, in substance: (1) It is not shown that defendant owed any duty to the intestate, or that any duty was violated; (2) it is not shown that any wrongful act of defendant contributed to the intestate's death; (3) the Child Labor Law (Acts 1919, p. 867) gives no right of action for the death of a minor; (4) it appears that the intestate was an employé of defendant, and under the influence of the Workmen's Compensation Act (Acts 1919, p. 206); (5) the count is repugnant within itself, in showing that intestate was an employé of defendant, and at the same time alleging that he was not an employé; (6) it appears that the action is barred by the limitations of one year.

A like demurrer was sustained also to each of the other counts of the complaint, and, plaintiff declining to plead further, a final judgment was rendered for defendant.

W. A. Denson, of Birmingham, for appellant.

An unlawful act is per se negligent. Count 4 alleges the wrongful act proximately causing intestate's death, and is sufficient. Acts 1919, p. 868; South. & N. A. R. Co. v. Donovan, 84 Ala. 147, 4 South. 142; Elyton Land Co. v. Mingea, 89 Ala. 530, 7 South. 666; Montgomery St. R. Co. v. Smith, 146 Ala. 326, 39 South. 757.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

The Workmen's Compensation Act is applicable to this case, and is exclusive. Acts 1919, p. 206, § 5 (a); Id. p. 209, § 10½. The demurrer was hence properly sustained. Steagall v Sloss Co., 205 Ala. 100, 87 South. 787, Ga. Casualty Co. v. Haygood, 210 Ala. 56, 97 South. 87. The cause is not brought

---

⬱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

under the homicide statute. Code 1907, § 2486; Massey v. Pentecost, 206 Ala. 411, 90 South. 866.

SOMERVILLE, J. Section 6 of the Child Labor Law (Gen. Acts 1919, pp. 867, 869) provides:

"No child under the age of sixteen years shall be employed, permitted, or suffered to work in any capacity: * * * (10) In any tunnel or excavation."

Section 17 of the act makes any violation of the provisions of section 6 a misdemeanor.

[1, 2] The complaint clearly alleges a violation of the quoted provisions of the law—unquestionably a "wrongful act" within the meaning of that phrase as used in the Homicide Statute (Code, § 2486) giving a right of action to a personal representative "for the wrongful act, omission or negligence of any person," whereby "the death of his testator or intestate was caused." It is of course not necessary that a complaint showing death caused by a wrongful act of the defendant should allege that the action is brought under the Homicide Statute; nor is it necessary to allege that the act complained of was wrongful or unlawful when the act itself is specified, and is per se wrongful. Massey v. Pentecost, 206 Ala. 411, 90 South. 866.

[3] There is no inconsistency in the allegation that defendant "permitted or suffered" plaintiff's intestate to work in an underground tunnel or excavation in its coal mine, and the further allegation that the intestate "was not an employé of the defendant." Obviously the intestate may have been the servant of an independent contractor, or he may have been the merely voluntary or casual assistant of some employé of defendant who had no authority to engage such an assistant. In neither case would the relation of employer and employé exist. Koger v. Roden Coal Co., 197 Ala. 473, 73 South. 33; Grissom v. A. & B. Air Line Ry., 152 Ala. 110, 44 South. 661, 13 L. R. A. (N. S.) 561, 126 Am. St. Rep. 20. Such a relation is of course the essential basis of the Workmen's Compensation Act, and the remedy thereby provided. 28 R. C. L. 760, § 55.

[4] As to the necessity of showing a duty to the intestate, and a breach of that duty, the law itself imposes the duty and defines its breach, and the allegations of the complaint bring the case within the terms of the law.

[5] The allegation that the intestate "was not an employé of the defendant" is not defective in form as being a conclusion of the pleader. Though in a sense it may involve a conclusion, it is nevertheless the negation of a fact which could not be denied in any other way. Such an allegation, not contradicted by other facts alleged in the complaint, is sufficient to remove the cause of action from the influence of the Workmen's Compensation Act, and bring it within the terms of the Homicide Statute.

Our conclusion is that the complaint states a cause of action under the Homicide Statute (Code, § 2486), and is not subject to any of the grounds of demurrer assigned.

It results that the judgment of the circuit court sustaining the demurrer was erroneous, and the judgment appealed from will be reversed, and the cause will be remanded for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and THOMAS, and BOULDIN, JJ., concur.