(112 So. 737)

## VIDA LUMBER CO. v. COURSON.
### (6 Div. 531.)

Supreme Court of Alabama. Oct. 28, 1926.

Rehearing Denied Jan. 13, 1927. Further Rehearing Denied, with Modification, May 26, 1927.

1. Master and servant ☞258(10)—Unguarded "gearing" as used in complaint held to include revolving shaft injuring minor.

In action for death of minor when caught in unguarded gearing at defendant's sawmill, term "gearing" as used in complaint was to be construed in its broad sense and as including revolving shaft connected with gears.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Gearing.]

2. Master and servant ☞278(2) — Evidence held to show minor's work brought him in proximity to hazardous machinery (Child Labor Law [Code 1923, § 3499]).

Evidence held to show that minor's work brought him in such close proximity to hazardous machinery as to come within Child Labor Law (Code 1923, § 3499).

3. Master and servant ☞95—Knowingly permitting minor to work near unguarded gearing is violation of Child Labor Law (Code 1923, § 3499).

Permitting minor to work in proximity to unguarded gearing with knowledge or notice of those in charge thereof would constitute a violation of Child Labor Law (Code 1923, § 3499).

4. Master and servant ☞409½, New vol. 7A Key-No. Series—Evidence held to preclude affirmative charge on theory minor's employment was within workmen's compensation statute (Child Labor Law [Code 1923, § 3499]).

In action under Child Labor Law (Code 1923, § 3499), for death of minor when caught in unguarded gearing at defendant's sawmill, conflicting evidence relative to whether minor was employed or knowingly permitted to work with his father, an employee, held to preclude affirmative charge on theory employment was without workmen's compensation statute (Code 1923, § 7534 et seq.).

5. Trial ☞260(1)—Refusing charge covered in charge given is not reversible error.

Refusal of charge requested by defendant which was embraced in another charge given for defendant is not reversible error.

6. Appeal and error ☞1060(1)—Trial ☞121 (1)—Refusal to permit argument on evidence whether minor was injured when bringing father's dinner because it would constitute no defense held error and prejudicial.

In action for death of minor when caught in unguarded gearing at defendant's sawmill, sustaining objection to defendant's argument on evidence relative to minor being there only for purpose of bringing father's dinner, which was introduced as defense on ground that defendant would be liable notwithstanding, held prejudicial error, especially where evidence on such question was conflicting.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by W. C. Courson, as administrator of the estate of Clinton Robinson, deceased, against the Vida Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Charge B, refused to defendant, is as follows:

"I charge you, gentlemen of the jury, that, if you believe from the evidence that the plaintiff's intestate was an employee of the defendant, then you cannot find a verdict for the plaintiff."

Percy, Benners & Burr and Vassar Allen, all of Birmingham, for appellant.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Where the evidence affirmatively disproves one or more material averments of the complaint, the general affirmative charge should be given for the defendant. Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 52 So. 86; Dorough v. Ala. Power Co., 200 Ala. 605, 76 So. 963. The Workmen's Compensation Act applies to employés who are minors, employed in accordance with, or contrary to, the laws regulating employment of minors. Code 1923, § 7539; Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879. See Birmingham News Co. v. Andrews, 204 Ala. 649, 87 So. 168; Allen v. Alger-Sullivan Lbr. Co., 205 Ala. 352, 87 So. 442. It was error for the court to sustain objection to the argument of defendant's counsel to the jury, based on the evidence in the case. B. R. & E. Co. v. Wildman, 119 Ala. 553, 24 So. 548; Windham v. Newton, 200 Ala. 258, 76 So. 25.

R. D. Coffman, of Birmingham, for appellee.

The general affirmative charge should never be given in favor of the party asking it, if there be any evidence, however slight, supporting a contrary conclusion. Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 So. 601. Defendant was not due the affirmative charge on the ground intestate was not killed while rolling the dollies. Birmingham News Co. v. Andrews, 204 Ala. 649, 87 So. 168; De Soto C. M. & D. Co. v. Hill, 179 Ala. 186, 60 So. 583; Harbison-Walker Ref. Co. v. Hatcher, 203 Ala. 588, 84 So. 825; Garrett v. L. & N., 196 Ala. 52, 71 So. 685; Brilliant Coal Co. v. Sparks, 16 Ala. App. 665, 81 So. 185. Nor was it entitled to said charge on the ground that the machinery called "gearing" in the complaint was "shafting." 28 C. J. 607; Webster's New Int. Dict.; Funk & Wagnall's New Standard Dict.; Whiteley Malleable Castg. Co. v. Wishon, 42 Ind. App. 288, 85 N. E. 835; New Albany B. & B. Co. v. Davidson, 189 Ind. 57, 125 N. E. 904. Charge B, refused to defendant, was covered by given charge H. The argument of counsel for defendant, to which objection was sustained, was improper. Harbison-Walker v. Hatcher, supra; De Soto Co. v. Hill, supra; City of Birmingham v. Crane, 175 Ala. 98, 56 So. 723; Southern R. Co. v. Shipp, 169 Ala. 334, 53 So. 150; Code 1923, § 5696. Plaintiff, when called upon to state the purpose of his argument, having given the court an illegal purpose, the court properly sustained objection to the argument. Archer v. Sibley, 201 Ala. 495, 78 So. 850; W. U. T. Co. v. Favish, 196 Ala. 4, 71 So. 187; Farley v. Bay Shell Road Co., 125 Ala. 184, 27 So. 774; Sickman v. Lapsley, 13 Serg. & R. (Pa.) 224, 15 Am. Dec. 598; 2 R. C. L. 96. The admission of evidence without probative force does not add weight to it. 23 C. J. 40.

GARDNER, J. Suit by the personal representative of the estate of Clinton Robinson, deceased, under the homicide statute, to recover damages for the wrongful death of intestate in what is referred to in the evidence as the "lumber manufacturing plant" of defendant, Vida Lumber Company. Plaintiff's intestate was a boy under 14 years of age. There was but one count resting for recovery upon a violation by defendant of the Child Labor Law (section 3499, Code of 1923), charging that intestate met his death by being caught in a hazardous or unguarded gearing at defendant's sawmill, and that defendant wrongfully permitted or suffered said intestate to work in proximity to said unguarded gearing. The cause was tried upon the plea of the general issue, resulting in verdict and judgment for the plaintiff, from which the defendant has prosecuted this appeal.

Bob Robinson, father of plaintiff's intestate, worked at this plant at the dry kiln, which was separated from the planing mill by a spur track, across which the lumber loaded by him on the trucks was carried on "two-wheeled dollies" to the planing mill. While there was no machinery where the father loaded the trucks at the dry kilns, yet there was machinery underneath the planing mill where the lumber was carried. Plaintiff's evidence tended to show that intestate worked at the plant in assisting his father load the trucks and push the dollies to the planing mill at which place he would come within some 50 feet of the hazardous machinery underneath. The accident occurred just after the noon hour. The boy was caught at the end of the shaft that ran the machinery, and which the evidence tends to show was unguarded for a distance of about 10 feet. There were several pulleys on the shaft belts, one wheel, "one set of gears," all connected and constituting the machinery under the planing mill.

[1] It is insisted the affirmative charge was due defendant, in that the boy was not caught in an unguarded gearing, as alleged in the complaint and noted in the above-cited statute, but in the shafting. The term "gearing" has been defined as follows:

"The parts, collectively, by which motion is transmitted from one portion of machinery to another." 28 Corpus Juris, 607.

"Belt gearing" is defined as:

"A system for transmitting power by endless bands, cords, or chains, including these and their pulleys, shafting, hangers, couplings," etc. Funk-Wagnalls' New Standard Dictionary, p. 257.

See, also, Whiteley Castings Co. v. Wishon, 42 Ind. App. 288, 85 N. E. 835.

The term "gearing" as here used, is to be construed in its broad sense, and as including the revolving shaft in which the intestate was caught.

[2] We are also of the opinion the evidence for the plaintiff tended to show that intestate's work brought him in such proximity to this hazardous machinery as to come within the influence of the statute.

"Injuries from such sources it is the purpose of the statute to prevent, and they are regarded as the proximate result of the wrongful employment whether suffered at work or in irrelevant and forbidden play." Birmingham News v. Andrews, 204 Ala. 649, 87 So. 168.

The complaint does not charge employment of plaintiff's intestate by defendant, but only that defendant permitted or suffered said intestate to work at the plant in proximity to an unguarded gearing, in violation of the Child Labor Law.

[3-5] The evidence was in conflict as to whether or not the boy was employed by defendant, and there was evidence tending to show that he worked with and for his father, who was paid so much per truck load, and who alone was paid by the defendant. In this latter event, the intestate would not be an employee of defendant, yet, if so working at the plant in proximity to the unguarded gearing with knowledge or notice of those in charge thereof, such work would be violative of the Child Labor Law, and such proof would support the averments of the complaint. Without regard, therefore, to any consideration of the insistence as to the application of the workmen's compensation statute (Code 1923, § 7534 et seq.), and remedies thereunder, it appears from the tendencies of the evidence above noted that the affirmative charge upon any such theory, was properly refused.

The substance of refused charge B (in so far as insistence of appellant thereon is concerned) was embraced in charge H, given for defendant, and reversible error could not in any event be predicated upon the refusal thereof.

As to whether or not intestate was employed at defendant's plant was a disputed issue of fact. Defendant insists that the boy was never employed, permitted, or suffered to work there, and that the only occasion of his presence was when he would at times bring his father's dinner. The president of the company was emphatic to this effect in his testimony, and that, had he been employed or suffered to work there as plaintiff's evidence tended to show, he would have known of it, as he stated he was "practically at the plant every day." Further stating:

"I saw him there occasionally about the plant when he would come to bring Bob's dinner. I never saw him do any work there."

Other witnesses testified to seeing the boy there as he would bring his father's dinner.

[6] In the argument before the jury one of defendant's counsel said:

"Who was responsible for the boy's death? Who did he come down there with? Whose dinner did he bring down there?"

Whereupon plaintiff's counsel interposed the following objection:

"We object to that, if your honor please, about whose dinner he brought down there. If they suffered or permitted the boy there, even in bringing his father's dinner, he would be just as guilty under this statute."

The court sustained the objection, and exception was duly reserved. The evidence as to matter of argument was admitted without objection, and therefore the proper subject of discussion before the jury (Birmingham Ry. & Elec. Co. v. Wildman, 119 Ala. 547, 24 So. 548), and the court erred in sustaining the objection thereto. That the error was prejudicial we think is clear. Permitting or suffering the boy to work at defendant's plant in proximity to hazardous or unguarded gearing in violation of the statute was the gravamen of the change, and not his mere presence there for the purpose of bringing his father the noonday meal. Indeed, as part of the defense it was insisted that the boy was never employed or permitted or suffered to work at the plant, but as explanatory of his presence the defendant's evidence was to the effect that on such occasions he had brought his father's dinner.

It is, of course, not here insisted that the mere presence of the boy for such purpose was violative of the statute, and supportive of this cause of action; but such was the ground of the objection by plaintiff's counsel to the argument in the court below, plainly and pointedly made, and, in fact, the only ground stated and this ground of objection was sustained by the court. We see no escape from the conclusion that the jury must have understood the ruling of the court as sustaining the position of counsel for plaintiff in thus interrupting opposing counsel in his argument, and preventing reference to that feature of the evidence. For the jury to be so impressed was as a matter of course to fasten liability upon defendant under its own proof.

It is insisted to the contrary that the objection was properly sustained for the reason the proof was to the effect that plaintiff's intestate was at the plant to work on the day he was killed, and did not carry his father's lunch on that day. True this was the plaintiff's evidence, but we think the evidence of the defendant tended to the contrary, and sufficed for a reasonable inference to be drawn that his presence there was on account of waiting on his father rather than any connection with employment at the plant. At least it presented a jury question, and a contrary ruling was an invasion of their province.

The record has been examined with care, and in the light of the argument of counsel for appellee, but we are unable to see that this error was not prejudicial to a high degree and not cured by any subsequent action

of the court or any expression found in the oral or written charges.

It results that for this error the judgment must be reversed.

Reversed and remanded.

SAYRE, BOULDIN, and MILLER, JJ., concur.