(119 So. 638)

# NICHOLS v. SMITH'S BAKERY, Inc.
## (1 Div. 528.)

Supreme Court of Alabama.   Dec. 20, 1928.

Rehearing Denied Jan. 24, 1929.

608

R. P. Roach, of Mobile, for appellant.

Smiths, Young & Johnston, of Mobile, for appellee.

BOULDIN, J. The action is by an administrator under the Homicide Act, Code 1923, § 5696.

At the conclusion of plaintiff's evidence the trial court gave the affirmative charge for defendant.

The action is based upon the alleged wrongful act of defendant in that decedent, a boy 12 years of age, was "permitted or suffered" to work in and about the bread making plant of defendant in violation of the Child Labor Law, and as the proximate result, he fell through a skylight at the top of the building, landing upon a concrete floor about 45 feet below, receiving injuries from which he died.

■ Code, § 3494, forbids that any child under 14 years of age be permitted or suffered to work in any gainful occupation except as provided.

A violation of this section renders the party liable for injuries to such child resulting proximately therefrom, whether such injury result from the inherent dangers of the work, or from the hazards of the environment, including those of place.

Section 3499, for the protection of children under 16 years of age, forbids work at defined occupations and places. Among these is: "(1) Operating or assisting in operating: * * * (n) dough brakes or cracker machinery of any description," also the inclusive clause "(t) * * * work in or about a * * * manufacturing establishment, which is hazardous, or dangerous to health, limb or life."

■ The complaint alleges the decedent'was not an employee of defendant. The evidence tended to show the work done by him was assisting drivers of wagons for defendant, who engaged his services and paid him on their own account.

This was sufficient to carry the case to the jury upon that issue; sufficient to support a finding of no relation of employer and employee between the child and defendant company, and so take the case without the provisions of the Workmen's Compensation Law. Code 1923, §§ 7534–7595. The inclusion of "permitted or suffered" in the Child Labor Law is aimed, among others, at cases of this sort.

■ The complaint contained six counts. We find no evidence that decedent' was permitted or suffered to work at and about the skylight; that he had ever worked at it; nor that he was working about it at the time of his fall. Counts 1 and 2 based on such averments were properly charged out.

Neither was there evidence that any agent of defendant sent him at the time to close the skylight. Hence counts 3 and 4 were not sustained.

■ Plaintiff offered to prove a dying declaration of decedent, saying: "They sent me up there to close the window of the skylight." This was properly refused. Dying declarations are inadmissible in any form of civil action. We are not unmindful of the criticisms leveled at this rule. We are not disposed to debate them further than to say like criticisms are indulged as against their admission on the doctrine of necessity in murder trials. We adhere to the law as written. Yates v. Huntsville Hoop & Heading Co. (Ala. Sup.) 39 So. 647; Shell v. State, 88 Ala. 14, 7 So. 40; 22 C. J. 258.

There is no evidence that decedent attempted to close the skylight and fell in such attempt. Count 5 was, therefore, properly charged out.

This leaves count 6, which is set out in the report of the case. Avoiding any discussion of the evidence in detail, we are at the conclusion there was some evidence that the child was "permitted or suffered" to work in and about the plant within the meaning of the statute; that such work carried him on the inside where there was dangerous machinery as averred. That it was a place where children under 14 are forbidden to work cannot be and is not seriously controverted.

In the clear and well-reasoned opinion of the late Mr. Justice Somerville in Birmingham News Co. v. Andrews, 204 Ala. 649, 87 So. 168, it is said: "Their presence at such places being forbidden and unlawful, an employer is held liable for any injury suffered by a child in the course of its employment, whether such injury is the result of performing the service, or of contact with some agency associated with the employer's business, or inherent in its environment. * * * Injuries from such sources it is the purpose of the statute to prevent, and they are regarded as the proximate result of the wrongful employment whether suffered at work or in irrelevant and forbidden play." See authorities cited and reviewed in that opinion. Also, Vida Lumber Co. v. Courson, 216 Ala. 248, 112 So. 737; Ivey v. Railway Fuel Co., 211 Ala. 10, 99 So. 177.

Count 6 appears to have been drawn pursuant to the doctrine stated in a leading Illinois case, quoted with approval in Birmingham News Co. v. Andrews, supra. Appellee insists there is a total want of evidence tending to show deceased entered upon his work that morning; that he was ever in the plant in connection therewith; that his presence upon and falling through the skylight is not shown to have any causal connection with his unlawfully permitted presence to engage in his work. True, there is no evidence that the child had actually entered upon his tasks at the time. No witness testified to seeing him in or about the plant on that morning until suddenly he was precipitated through the skylight and killed. But there is evidence tending to show the child had recently been given a more regular job and better pay; that he left home a short distance away about 5:30 a. m. to go to his work; that he complained of not being awakened earlier as promised. He came to his death a short time, not exceeding half an hour, thereafter. Some evidence tends to show the only means of reaching the skylight was by elevator or stairs inside the buildings.

We conclude that whether he went to his place of work to presently engage therein, and whether his presence there for such purpose, unlawfully permitted by defendant, had a causal connection with his death was for the jury. If so, it was not material whether he had actually taken up his task. Being there to work as his employer, the driver, should direct, it need not appear whether his going upon the skylight was to close an open window that cold windy morning, or was in a spirit of childish adventure.

The court erred in withdrawing from the jury the issues under count 6.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.