COTTON BELT INSURANCE COMPANY, INC., Plaintiff-Appellant,

v.

K. M. WALL, Administrator of the Estate of Kenneth M. Wall, Deceased, et al., Defendants-Appellees.

No. 73–4027.

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1974.

Robert E. Parsons, Birmingham, Ala., for plaintiff-appellant.

Tom Radney, Alexander City, Ala., for Wall.

Sam H. Bradshaw, III, Alexander City, Ala., for McCoy.

John F. Dillon, IV, Alexander City, Ala., for defendants-appellees.

Before GODBOLD and MORGAN, Circuit Judges, and BOOTLE, District Judge.

GODBOLD, Circuit Judge:

James Rufus McCoy was employed by K. M. Wall at Wall's pulpwood yard, located in Alabama. While operating a loader, McCoy ran over and fatally injured Kenneth Wall, age eight and one-half, the son of the employer. McCoy was prosecuted and convicted of manslaughter. Also McCoy was sued by Wall for damages for the wrongful death of the child. Cotton Belt then brought a declaratory judgment action against Wall and McCoy to determine whether it owed a defense and coverage to McCoy.

Cotton Belt claimed noncoverage on two grounds: (1) McCoy was not covered because he was not a "person insured" under the provision of the policy covering loading and unloading, because he was merely preparing to commence a loading operation rather than actually engaged in loading; (2) even if otherwise McCoy would have been an insured a policy exclusion applied which excluded from the term "insured" one engaged in the business of his employer with respect to bodily injury to a fellow employee injured in the course of the fellow employee's course of employment.

In a jury trial, at the close of the insurer's case, the court granted a directed verdict for the defendants.

■■■■ Whether on conflicting evidence the relation of employer-employee exists at the time of an injury is a question of fact for the jury. Woodward Iron Co. v. Limbaugh, 276 F. 1 (CA5, 1921); Nichols v. Smith's Bakery, 218 Ala. 607, 119 So. 638 (1929); Sloss-Sheffield Steel & Iron Co. v. Crosby, 201 Ala. 544, 78 So. 898 (1918). The facts that the injured person is a minor, and that he is employed in violation of child labor laws or workmen's compensation laws, do not of themselves bar coverage under an employee exclusion clause. Ward v. State Farm Mutual, 241 F.2d 134 (CA5, 1957) (Alabama case); State Farm Mutual v. Brooks, 136 F.2d 807 (CA8, 1943); Allied Mutual Cas. Co. v. Dahl, 255 Iowa 208, 122 N.W.2d 270 (1963); cf. Walker v. Countryside Casualty Co., 239 Ark. 1085, 396 S.W.2d 824 (1965). The primary purpose of an employee exclusion clause in a public liability policy is to draw a sharp line be-

tween employees and members of the general public. Webb v. State Farm, 151 F.Supp. 359 (S.D.W.Va.1957); Farm Bureau Mutual Ins. Co. v. Farmers Mutual, 360 S.W.2d 325 (Mo.App. 1962); State Farm Mutual v. Brooks, *supra.*

 Wall testified that his son was not an employee. He had, however, given a written statement a few days after the accident saying:

> Ken, my son, worked with me every day this summer. He had his own jobs to do and was paid for these jobs. These jobs consisted of answering telephone, keeping scales swept off, picking up bottles all over yard, keep the office clean and operate the lease radio. Then after school started Ken came by the wood yard after school and worked on Saturdays. Ken was paid scale wages during the summer and on Saturday. The accident happened on Friday after Thanksgiving and he was on regular scale then.

Also, he acknowledged on cross examination that at the trial of the manslaughter case against McCoy he had testified that on the day of the accident Kenneth was "doing his job" of picking up bottles and tools and cleaning the yard, that Kenneth stayed there when he was not in school, and that his job was to work on the yard. These statements were corroborated by testimony of McCoy that he had seen Kenneth sweeping, picking up bottles, and greasing wheels, and testimony of another employee, Jerry Brooks, who also had seen Kenneth performing tasks about the yard. A jury issue was created with respect to whether Kenneth was an employee for purposes of the employee exclusion clause.

Course of employment also was a jury issue. Brooks testified that at the time of the accident Kenneth had just checked grease seals on a trailer.

The loading issue is less clear, especially since Cotton Belt claims that while attempting to establish the sequence of events immediately surrounding the accident it was improperly denied the right to lead McCoy as an adverse witness. Since the employee issue requires remand for a jury trial, we assume that the loading issue will be more fully developed in the District Court upon retrial.

Reversed and remanded.