# Langham *v.* The State.

*Indictment for Enticing or Employing Laborer under Written Contract.*

1. *Enticing away, or employing, servant or laborer under written contract; validity of infant's contract.*—An infant's contract, for the performance of labor or personal service, is voidable by him at his election ; and when he has disaffirmed it, a person who afterwards employs him is not guilty of a violation of the statute (Rev. Code, § 3691), which makes it a penal offense to entice away or employ a laborer or servant, who has contracted in writing to serve another for a specified time, "such contract being in force, and binding on the parties thereto." (Overruling *Murrell v. The State*, 44 Ala. 367.)

FROM the Circuit Court of Hale.
Tried before the Hon. GEORGE H. CRAIG.

JAMES E. WEBB, for the defendant, cited *Francis v. Felmit*, 4 Dev. & Bat. Law, 498 ; *Whitmarch v. Hall*, 3 Denio, 375 ; *Medbury v. Watrous*, 7 Hill, 110 ; *Peters v. Lord*, 18 Conn. 337 ; *Vent v. Osgood*, 18 Pick. 572 ; *Weaver v. Jones*, 24 Ala. 420 ; *Clark & Co. v. Goddard*, 39 Ala. 164 ; 1 Parsons on Contracts, 5th ed., 313 ; 2 Kent's Com. (5th ed.) 237 ; 1 Am. Leading Cases, ed. 1871, p. 306, n. 11. The case of *Murrell v. The State* (44 Ala. 367), he insisted, being inconsistent with these authorities, ought to be overruled.

JOHN W. A. SANFORD, Attorney-General, with THOMAS J. SEAY, for the State, cited and relied on the case of *Murrell v. The State*, 44 Ala. 367.

MANNING, J.—Appellant was indicted under section 3691 of the Revised Code, which makes it penal in any person, knowingly to interfere with, hire, employ, entice away, or induce to leave the service of another, any laborer or servant who has contracted in writing to serve for any specified time, before the expiration of the term contracted for, "such contract being in force and binding upon the parties thereto." The laborer or servant in this case was a negro boy, about fourteen or fifteen years of age, who, having become dissatisfied with his employer, left his plantation and premises, and afterwards went to defendant, and engaged to serve him as a laborer in his plantation. The defendant had not enticed or induced the laborer to leave ; but the latter appears to

VOL. LV.

[Langham v. The State.]

have gone away of his own will, from his first employer, and hired himself to defendant. Was the boy restrained from doing so by a contract "in force and binding upon the parties thereto?"

According to the common law, the contract of an infant, except for necessaries, can not be enforced against him; "nor can he be sued on his covenant as an apprentice; nor is his contract for labor and service generally binding."—1 Parsons on Contracts, 262–3, and cases cited; *Clark & Co. v. Goddard*, 39 Ala. 164. In the case last cited, the plaintiff in the lower court was a minor, who had been apprenticed, by a contract under seal, executed by him, to the defendants, to learn the art of a printer. After remaining two or three years in their employment, he left it, and obtained service in another office, from which he was discharged, in consequence of a notice and warning sent by defendants to that office and other printing offices, that plaintiff had been apprenticed to them, and they claimed his services. For the damage produced by being thus prevented from obtaining employment, the minor sued, and obtained a judgment against defendants, which was affirmed in this court. In respect to the contract of apprenticeship, the opinion says: "Neither would it do, in a case like the present, to hold that the infant should not be allowed to elect between the ratification and repudiation of his contract, until he attained lawful age. In most cases, the contract would have expended its force at that time; and to establish such a rule, would be to take from the infant all right to avoid the contract until it was executed. Surely, to withhold the right to renounce a voidable contract, would be as unjust as it is absurd." These authorities were not referred to in *Murrell v. State* (44 Ala. 367), in which our predecessors held, that the minority of a laborer did not prevent the contract from being binding upon him, in a case arising under section 3691 above referred to; and, therefore, sustained the prosecution. We feel compelled to overrule the decision there made, upon this point, and to hold that the contract between May and the boy John, in the present cause, being voidable by the latter, though not by May, was not a contract "binding upon the parties thereto."

It follows, that the court erred in refusing to give the seventh instruction requested on behalf of defendant. As our ruling on this point will probably be decisive of this prosecution, we do not consider any of the other questions argued.

Let the judgment be reversed, and the cause be remanded.