# Waugh *v.* Emerson.

*Action for Wages under Contract for Work and Labor.*

1. *Contracts of infants.*—A minor nineteen years of age, whose father is dead, whose mother is married again, and who has no guardian, may lawfully contract to perform personal services for another, and may receive partial payment in money and goods during the term of service, thereby discharging his employer to that extent, without regard to the strict rule limiting the liability of an infant for necessaries.

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by Walker Emerson, a minor suing by his next friend, against Emeline Waugh, to recover wages due for personal services rendered by him for defendant, in and about the cultivation of a crop and other work during the year 1885; and was commenced by attachment, sued out on the 29th October, 1885. The defendant pleaded *non assumpsit*, and payment before suit brought; and the cause was tried

on issue joined on these pleas. On the trial, as appears from the bill of exceptions, it was shown that the plaintiff was about nineteen years old, that his father was dead, and that he was living, at the time of his contract to work for defendant, with his mother and her second husband. As to the terms of the contract, the plaintiff himself testified : "She told me she would give me $10 per month, for each month I stayed there; that if I stayed, and made a crop, she would give me $120, and would give me $125 if I did well; that she would furnish me my washing, ironing and board free, and charge for no lost time." He testified, also, that he continued in the defendant's employment, in the faithful discharge of his duties, until he was discharged by her without cause. The defendant thus testified : "About the first of January, plaintiff came to me, and said my work begun 1st January, and wanted to know if I would pay him $120 for a year's work. I told him, if he made a good and faithful hand, I would pay him that sum. He promised to repair houses, put sills under where necessary, split rails, clear up ground, pick cotton, and work faithfully all the time; but he never worked a single Saturday, nor picked any cotton, nor pulled any fodder, nor gathered any corn." She further testified, that she had advanced to him during the year, from time to time, on request, money, tobacco, articles of clothing, &c., of which she kept an account; and she produced this account, the items aggregating $75.60. There was other evidence in the case, but it is not material to the question here decided.

The defendant requested the following (with other) charges to the jury. (3.) "In determining the necessaries furnished the plaintiff by the defendant, the jury may include any and all sums of money which the defendant paid or furnished to the plaintiff in good faith ; and the plaintiff must show that these sums were not paid or given to him for the purpose of buying or providing necessaries for himself, before he would be entitled to have them disregarded in estimating how much of necessary articles was furnished to him by the defendant." (5.) "If the jury believe, from the evidence, that the plaintiff is a minor, eighteen or nineteen years of age, and that his father has been dead for several years ; then it was his right and duty to work at some legitimate calling or labor, for his support and maintenance, and it was lawful and right for the defendant to hire him ; and if she did hire him, and he performed work or labor for her, then it was lawful and right for her to pay him for such work; and if she did then, in good faith, pay him any sum or sums for his labor, then he can not recover in this suit the value of the services or labor thus paid for." The court refused each of these charges, and the de-

[Waugh v. Emerson.]

fendant duly excepted to their refusal; and she now assigns their refusal, with other matters, as error.

S. W. JOHN, for the appellant.

BROOKS & ROY, contra.

STONE, C. J.—Walker Emerson, the plaintiff in this suit, was without a father, the latter having died several years before. His mother had contracted a second marriage, and was the wife of another. Walker was about nineteen years old, and had no guardian. He is not shown to have had any estate. Commencing in the latter part of 1884, or with the year 1885—(the testimony is somewhat in conflict on this point)—he agreed to serve Mrs. Waugh at an agreed price, either by the month, or for the year's work. He was to perform farm labor, but the parties disagree as to the kind of labor he was to perform. In fact, the testimony is in conflict on every disputable question of fact in the cause. In October the plaintiff finally left Mrs. Waugh's service. Mrs. Waugh claims that, during the continuance of the service, she made to the plaintiff many partial payments of his wages in money and merchandise, and that he lost much time from his work, for which she claims a ratable discount from his agreed compensation. Emerson in his testimony denies the extent of Mrs. Waugh's claims of payment and discount. These were the main issues of fact before the jury.

For the plaintiff—appellee here—it was contended in the court below, and the contention is renewed here, that the doctrine of an infant's liabilities for necessary articles furnished him, must be applied to Mrs. Waugh's asserted partial payments made; and that unless such payments and furnishings were in fact necessaries, suitable to his estate and condition in life, then Mrs. Waugh is not entitled to a credit for them. We can not assent to this. The contract to serve was made by Emerson; and though a minor in years, he was in fact and in law emancipated. No one was bound to support him, and no one but himself could claim his wages. He had a clear right to direct and appoint their payment, and no other person could interpose and assert a paramount right to them. The present suit, brought while he was yet a minor, is itself an assertion of his right to collect them. His guardian *ad litem* would have no right to control the recovery. Will it be contended that the judgment he might recover could not be collected until a legal guardian is appointed to receive it? and if paid to him, or to his guardian *ad litem*, when the collection is coerced by execution, will the defendant be liable to another

recovery, when a legally appointed guardian comes to claim it?
*Donegan v. Davis,* 66 Ala. 362; *Glass v. Glass,* 76 Ala. 368;
*Nightingale v. Withington,* 15 Mass. 272; *Whiting v. Earle,*
3 Pick. 501; *Johnson v. Silsbee,* 49 N. H. 443; *Isaacs v. Boyd,*
5 Por. 388; *Ware v. Cartledge,* 24 Ala. 622; *Clark v. Goddard,* 39 Ala. 164; *Engelhardt v. Yung,* 76 Ala. 534.

Situated as the defendant was, with no one but himself
entitled to his earnings, he was entitled to receive compensation for his services, and equally entitled with an adult to
receive partial payment while the work progressed. Payments to an infant should, probably, be scrutinized more narrowly, that frauds upon him, either in price or quality, be not
sanctioned by the court. Beyond this, and with the exception
of overreaching bargains, the right of an emancipated minor to
receive compensation for labor performed by him pursuant to
his own contract, express or implied, rests on the same principle as that of an adult. The fifth charge asked and refused
should have been given. We need not notice the other questions raised.

Reversed and remanded.