(106 So. 58)

**CLEVELAND v. TOWLE.** (1 Div. 535.)

(Court of Appeals of Alabama. Nov. 5, 1924. Rehearing Denied Nov. 18, 1924. Affirmed on Mandate Nov. 3, 1925.)

**1. Contracts ⬰10(2)—Agreement for employment requires mutuality.**

In action for damages for breach of contract for employment, *held*, that demurrer to count for recovery for breach of agreement should have been sustained where complaint showed no mutuality as required by law.

**2. Appeal and error ⬰1040(10)—Error of trial court in overruling demurrer to count for recovery for breach of employment agreement held without injury, since evidence of tender permitted recovery on common count.**

In action for damages for breach of employment agreement, evidence of tender to perform on part of employee entitled him to recovery of contract price on common counts; hence error of trial court in overruling demurrer to count for recovery of breach of agreement was without injury.

**3. Infants ⬰72(1)—Infant can sue for damages for breach of contract of employment.**

Infant can maintain action for damages for breach of contract of employment, and refusal to charge jury that minor was not entitled to recover for loss of earnings *held* proper.

**4. Infants ⬰58(1)—Infant's contracts for performance of service voidable at, election of infant, and not other party.**

Contracts of infants for performance of service voidable merely at election of infant, and not other party.

**5. Master and servant ⬰41(1) — Charge on salary recoverable under employment by month held proper.**

In action to recover damages for breach of contract for employment, charge that, where employment is by the month, person employed is entitled to full month's salary unless he is notified before beginning of month that services will not be needed, *held* proper.

Hearing on Remandment.

**6. Master and servant ⬰44—Charge in action for breach of contract held properly refused as misleading.**

In action for damages for breach of contract of employment, charge that if jury were satisfied from evidence that there was no agreement between plaintiff and defendant for any definite period of employment, and if they were satisfied that plaintiff did not enter upon performance of any duty of contract, they could not find verdict for plaintiff, *held* properly refused as misleading.

**7. Master and servant ⬰44—Charge in action for breach of contract held properly refused as confusing and misleading.**

In an action for damages for breach of employment contract, charge that if jury was satisfied that if arrangement between plaintiff and defendant was that plaintiff was to be given trial, and there was no definite agreement as to time or compensation, then plaintiff could not recover, *held* properly refused as confusing and misleading.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by Albert S. Towle, Jr., by his next friend, Albert S. Towle, Sr., against Frank Cleveland. From a judgment for plaintiff defendant appeals. Affirmed on mandate.

Certiorari granted by Supreme Court in Ex parte Towle, 213 Ala. 129, 106 So. 60.

Count 1 is as follows:

"(1) The plaintiff, Albert S. Towle, Jr., who is a minor about 17 years of age, and who sues by his next friend, Albert S. Towle, Sr., who is his father, claims of the defendant the sum of $1,000 damages, with the interest thereon, for the breach of an agreement entered into by him on or about, to wit, the 19th day of October, 1921, by which he promised to employ the defendant as a clerk or bookkeeper for the sum of $100 per month, the said employment to begin on the 1st day of November, 1921, and that the defendant has breached said agreement, in that he refused to employ the said plaintiff as clerk or bookkeeper, and refused to allow the said plaintiff to work for him as a clerk or bookkeeper, and that by reason thereof the said plaintiff was without employment for the months of November and December, 1921, and was obliged to accept a position on the 1st day of January, 1922, at $70 per month, which was $30 per month less than the amount the defendant agreed to give him, all to his great damage in the sum of $1,000, with interest; wherefore he brings this suit."

Charges 6 and 7, refused to defendant, are as follows:

"(6) The court charges the jury that if they are reasonably satisfied from the evidence that there was no agreement or contract between the plaintiff, Albert S. Towle, Jr., and the defendant, by which defendant agreed to employ the plaintiff for any definite period of time, and if the jury is further reasonably satisfied from the evidence that the plaintiff did not enter upon the performance of any duty under the agreement or contract, then they cannot find a verdict for the plaintiff.

"(7) The court charges the jury that if they are reasonably satisfied from the evidence that the arrangement between the plaintiff and the

defendant was that the plaintiff was to be given a trial as a bookkeeper, and that there was no definite agreement as to the length of time he would be employed or as to the compensation he would be paid, then the plaintiff cannot recover."

Harry T. Smith & Caffey, of Mobile, for appellant.

The contract alleged in count 1 is void for want of consideration. 13 C. J. 1341; Osner v. Loewe, 111 Wash. 550, 191 P. 746; Hirshhorn v. Nelden, 26 Utah, 110, 72 P. 386; Friedman v. Ware, 17 Ga. App. 677, 87 S. E. 1099; Grayling L. Co. v. Hemingway, 124 Ark. 354, 187 S. W. 327. Count 1 is fatally defective. McGowin L. & E. Co. v. Camp R. Co., 192 Ala. 35, 68 So. 263; Terrell v. Nelson, 177 Ala. 596, 58 So. 989; Brady v. Green, 159 Ala. 482, 48 So. 807; Elliott v. Howison, 146 Ala. 568, 40 So. 1018; McGehee v. Hill, 4 Port. (Ala.) 170, 29 Am. Dec. 277; Davis v. Adams, 18 Ala. 264; Moss v. King, 186 Ala. 475, 65 So. 180. Charges 6 and 7 were erroneously refused to defendant. B. R., L. & P. Co. v. Camp, 161 Ala. 456, 49 So. 846. Plaintiff, being a minor, could not recover for loss of earnings on account of a breach of contract to employ him. Code 1907, § 2484; Doullut v. Hoffman, 204 Ala. 33, 86 So. 73; McNamara v. Logan, 100 Ala. 187, 14 So. 175; Woodward Iron Co. v. Cook, 124 Ala. 349, 27 So. 455; Huntsville Knitting Mills v. Butner, 200 Ala. 288, 76 So. 54.

Inge & Bates, of Mobile, for appellee.

Where there is a special contract for personal services, and the employer refuses to let the employé perform thereunder, the latter may, at the expiration of a unit period, sue for salary on the common count for work and labor. Davis v. Ayres, 9 Ala. 292; Beckwith v. Baldwin, 12 Ala. 720; Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8; Sprague v. Morgan, 7 Ala. 952. A judgment will not be reversed for error as to any matter of pleading, unless such error has probably injuriously affected the substantial rights of the parties. Supreme court rule 45, 61 So. ix; Jackson v. Vaughan, 204 Ala. 543, 86 So. 469; Best Pork Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; A. G. S. v. Hunt, 17 Ala. App. 566, 86 So. 97; Vance v. Morgan, 198 Ala. 149, 73 So. 406. The contract here was good for at least a month. Nat. L. Ins. Co. v. Ferguson, 194 Ala. 658, 69 So. 823. Instructions which are confused or misleading are properly refused. Johnson v. Colvin, 186 Ala. 538, 65 So. 328; Ala. R. Co. v. Flinn, 199 Ala. 177, 74 So. 246; W. U. Tel. Co. v. Smith, 189 Ala. 534, 66 So. 578; W. U. Tel. Co. v. Hawkins, 14 Ala. App. 295, 70 So. 12. An infant's contract of employment is voidable only by him, and he may sue thereon. Langham v. State, 55 Ala. 114; Benziger v. Miller, 50 Ala. 206; Mason v. Hall, 30 Ala. 599; Huckabee v. May, 14 Ala. 263.

SAMFORD, J. The plaintiff's action is stated in four counts. The first seeks a recovery for the breach of an agreement to employ plaintiff as a bookkeeper at $100 per month, and the other counts are the common counts claiming for an account, account stated, and for work and labor done.

Demurrer was interposed to the first count on the grounds that the complaint showed no mutuality and no consideration on the part of the plaintiff and other grounds not here necessary to mention.

[1] The contract declared on in the first count is one for personal service, and in such a contract, like other contracts, a valuable consideration is necessary for its support. 13 Corpus Juris, 341 (192) 14. In order for the count to meet the requirements in stating a cause of action, there must be allegations showing mutuality on the part of plaintiff and defendant. So far as this complaint goes, there was no obligation on the part of plaintiff to have entered into the employment of defendant, without which there was a lack of that mutuality which the law requires. The demurrer should have been sustained. McGowin Lbr. & Export Co. v. Camp Lbr. Co., 192 Ala. 35, 68 So. 263.

[2] It is insisted, however, on the part of appellee, that this error cannot avail the appellant anything because the common counts were sufficient upon which to base the verdict and to which it will be referred. The general rule is that where nothing remains to be done under an express contract but the payment of money, a creditor may sue on the common counts; but if recovery is sought for damages on account of defendant's breach of the contract, the plaintiff must declare specifically on the contract, stating the contract and the breach under proper allegations. 13 Michie's Dig. 512, p. 226. In this case there was no evidence that plaintiff had performed the labor called for by the agreement, but there was evidence of a tender and readiness to perform on the part of plaintiff which if believed by the jury entitled him to a recovery of the contract price on the common counts; hence, we must hold that the error in overruling the demurrer was without injury.

[3, 4] The court did not err in refusing to charge the jury, at the request of defendant, that plaintiff, being a minor, was not entitled to recover for loss of earnings on account of defendant's breach of the contract of employment. If the contract was made and the defendant breached the contract and damage was thereby sustained, the plaintiff, though an infant, could maintain the action. 31 Corpus Juris, 1087 (198) 7. Contracts of infants for the performance of service are voidable merely at the election of the infant and not the other party. Langham v. State, 55 Ala. 114; Waugh v. Emerson, 79 Ala. 295; Pritchett v. Fife, 8 Ala. App. 462,

62 So. 1001; Sims v. Gunter, 201 Ala. 286, 78 So. 62.

[5] The court properly charged the jury:

"Under the law, where the term of employment is by the month, then the person employed, or employee, is entitled to a full month's salary for that month, unless he is notified before the beginning of the month that he enters upon, that his services will not be needed for the following month."

Of course, this is subject to the proper defenses as to which the court had already charged.

There being no prejudicial error, the judgment is affirmed.

Affirmed.

### Hearing on Remandment.

On the authority of Ex parte Towle (1 Div. 351) 106 So. 60,[1] we must hold that in this case there can be a recovery on the common counts, and therefore the overruling of the defendant's demurrers to the first count of the complaint was error without injury.

[6, 7] The cause being remanded for further consideration, and this court not having in the original opinion passed upon assignments 7 and 8, it now becomes necessary to do so. These assignments are based upon the refusal of the court to give as requested by defendant's written charges 6 and 7. To say the least of it, these charges were so framed as to be calculated to mislead the jury into the mistaken belief that, as a basis of recovery, the contract of employment between the parties must have had a time definite at which it was to terminate. A contract for employment fixing the amount to be paid at stated intervals, but with no time limit for its ending, is a contract terminable at the end of any month by either party at his pleasure. Clark v. Ryan, 95 Ala. 406, 11 So. 22. Charges 6 and 7, being confusing or misleading, were properly refused. Johnson v. Colvin, 186 Ala. 538, 65 So. 328.

The former opinion of this court is amended to meet the views of the Supreme Court in Ex parte Towle (1 Div. 351) 213 Ala. 129, 106 So. 60, and the judgment is affirmed.

