PONDER, Justice.
 

 Leonard E. Salomon, brought suit against the Equitable Life Assurance Society of the United States seeking to have a certain life insurance policy held in full force and effect and to restrain the defendant from declaring the policy lapsed. A temporary restraining order was issued by the lower court, which the; defendant moved to have dissolved on the ground that no cause of injunctive relief was disclosed. The defendant also interposed exceptions of no right and no cause of action to the plaintiff’s demand. The lower court gave judgment maintaining the j exceptions and the motion to dissolve and; dismissed the plaintiff’s suit. The plaintiff has appealed.
 

 The life insurance1 policy involved in this suit is attached and made part of the plaintiff’s petition. It was issued by the defendant company orí December 26, 1911, insuring the life of Leonard E. Salomon in the amount of $10,000. The beneficiary designated in the policy was the mother of the insured, Alice W. Salomon, now deceased.
 

 The plaintiff alleges in his petition that he is the owner of this policy which has been in force for thirty years; that all of the premiums on the policy have been promptly paid except the last premium
 
 *1006
 
 which was due on December 18, 1941; that he was notified there was a dividend •of $69.30 due him; that the annual premium on the policy was $197.40; that the dividend of $69.30 represents more than one-third of the premium due on the policy and, under the terms of the policy, would have extended the policy for four months, that is, from December 18, 1941 beyond April'18, 1942; that under the provisions of the policy, the dividend could be paid in cash or applied to the payment of any premium on premiums; that the insured had the right under the provisions •of the policy to elect one of the options under the policy within three months by mailing written notice to the insurer; that plaintiff directed the insurer on January 26, 1942 to apply the dividend to the payment of the premium as evidenced by re- ■ ceipt issued by the insurer; that the insurer is threatening to lapse the policy despite the fact that the dividend was sufficient to continue the policy in effect for several months; that the policy had not' lapsed because of the application of the dividend to the payment of the premium; that it is the duty of the insurance company to apply the dividend to the payment of the premium as far as it will go; that •on January 26, 1942, the plaintiff paid the insurer the sum of $240.60, including the dividend, which is now being held by the insurer; that if the policy is lapsed, he will suffer irreparable injury; that the plaintiff has no remedy at law to prevent the insurer from declaring the policy lapsed; and that it is necessary for a writ of injunction to issue to restrain the insurer from declaring the policy’ lapsed.
 

 The plaintiff asked for a temporary restraining order and for a permanent injunction, after trial on the merits, restraining the insurer from declaring the policy lapsed. He also asked for a judgment declaring the policy in full force and effect.
 

 On trial of the rule to dismiss the restraining order, the defendant insurance company filed in "the record a written assignment, dated May 31, 1917, signed by the plaintiff, insured, and his mother, Alice W. Salomon, the beneficiary, wherein they assigned the policy to the plaintiff’s mother, the beneficiary, and the plaintiff’s brother, Walbert W. Salomon.
 

 We see no reason to disturb the lower court’s holding with respect to the temporary restraining order. The plaintiff could suffer no irreparable injury if the defendant were to attempt to lapse the policy for the reason that the court would have ample authority, in event the plaintiff was successful in his suit, to decree the policy in full force and effect.
 

 The defendant contends that the plaintiff, having assigned the policy to his •mother and brother, has no actionable interest in the policy.
 

 ' It appears from the testimony in the record that the plaintiff’s mother, the bene,ficiary named in the policy, died some time after the assignment was made, and that the plaintiff was duly appointed the executor of her succession. The succession proceedings of the plaintiff’s deceased mother were filed in evidence and show that the plaintiff, in addition to being the executor of his mother’s estate, is one of her heirs. He is also the named insured
 
 *1008
 
 in the policy. Under these circumstances, the plaintiff certainly would have an interest in keeping the policy alive.
 

 Moreover, in the case of Elgutter v. Mutual Reserve Fund Life Association, 52 La.Ann. 1733, 28 So. 289, wherein one Herman Aronsohn assigned a policy issued on his life to one Sol Elgutter, an action was brought against the insurer by the assignee, and the assignor intervened. The court stated in effect that the assignee had an actionable interest in the policy, and that the intervener, the assignor, was interested in keeping the policy alive. It further stated that the contract and the negotiations had created a privity between the assignor and the assignee, and the insurer was liable to both the assignor and the assignee.
 

 The most serious question presented by the exceptions is the defendant’s contention that the policy lapsed because the annual premium was not timely paid.
 

 The policy provides that the premiums are to be paid in advance, and it is based upon the payment of premiums annually, but subject to the written approval of the insurer, the premiums may be paid in semiannual and quarterly installments at the insurer’s adopted rates for fractional premiums. The usual thirty-one days grace period is given.
 

 The policy also stipulates the following with respect to dividends:
 

 “This policy shall participate annually in the distribution of the surplus of the Society as ascertained and apportioned by it. Dividends, at the option of the Insured (or of the assignee if any) shall in each year, on .the anniversary of1 the register date hereof be either—
 

 “1. Paid in Cash; or, 2. Applied' toward the payment of any premium or premiums; or, 3. Applied to the purchase of paid-up Additional Insurance; or, 4. Left to accumulate at 3%, compounded annually, and payable at the maturity of this policy, but withdrawable at any anniversary of its register date.
 

 “Unless the Insured (or the assignee if' any) 'shall elect one of the foregoing options within three months after the mailing by the Society of a written notice requiring such election, the dividend shall be applied to the purchase of paid-up Additional Insurance (Option 3). This Additional Insurance may be surrendered at any time for the amount of the original Cash Dividend.”
 

 From the allegations in the plaintiff’s petition, it appears that eight days after the period of grace had elapsed, the plaintiff paid the defendant the sum of $240.60, including the dividend. There is no dispute that this amount was sufficient to. cover the annual premium.
 

 “The rule is well established that insurance contracts are generally to be construed against the insurer, and that a. liberal interpretation of clauses therein exempting or limiting their liability is not permitted. Finley v. Massachusetts Life Ins. Co., 172 La. 477, 134 So. 399, and authorities there cited.” Rausch Co., Inc., v.
 
 *1010
 
 Franklin Fire Ins. Co. of Phil., Pa., 175 La. 552, 143 So. 491, 492.
 

 “The settled jurisprudence here and elsewhere is that it is the duty of the insurer to use any credits due on a participating policy for the benefit of the policy so as to keep it in force as originally issued as long as possible. Finley v. Massachusetts Mut. Life Ins. Co., 172 La. 477, 134 So. 399, and authorities there cited.” Dreher v. Guaranty Income Life Ins. Co., 196 La. 326, 199 So. 135, 137.
 

 It would necessarily follow that the officers of a mutual insurance company ■should give just and reasonable protection to the rights of its members, and it is not to be supposed that a member and policyholder would object to the company applying the dividend in its hands towards the payment of the premium so as to keep the policy in force as originally issued as long as possible. One who has funds in his hands belonging to another, which may be used, if at all, is duty bound as a fundamental principle of justice to use such funds for the benefit and not the injury of the owner. The consent to one ' and the dissent to ■ the other would be presumed.
 

 Insurance contracts should be construed favorably to the insured, and any provision that would tend to lapse the policy must necessarily be strictly construed against the insurer. Under the very terms of the contract involved herein, the insured had a period of three months to elect whether or not he desired to have the dividend applied towards the payment of any premium or premiums. While the policy calls for the payment of an annual premium, yet, subject to the society’s approval, the premium may be paid in quarterly or semiannual installments. Each of these provisions in the policy must be given effect if possible.
 

 Undoubtedly the option given the insured to have the dividend applied
 
 towards
 
 the payment of any premium or premiums contemplates keeping the policy in force as originally issued as long as possible. This provision gives the policy holder the right to have the dividend applied
 
 towards
 
 the payment of the premium, and under the very terms of the contract, it must be accepted by the insurer to that end. In effect, it operates as an assent of the insurance company to accept the dividend
 
 towards
 
 the payment of the premium or, in other words, a part payment of the premium. Where a partial payment is contemplated in the contract itself, it would operate as a waiver of a full and timely payment.
 

 We are not unaware of the fact that there is a division of authority in other states. However, under the peculiar wording of this provision of the contract, if is evidently contemplated that the divi-, dend must be applied towards the payment of the premium in order to keep the policy in effect until the dividend so applied is exhausted. To construe this provision otherwise would render it meaningless.
 

 For the reasons assigned, the exceptions are overruled, and the case is remanded to
 
 *1012
 
 be proceeded with consistent with the views herein expressed. The cost of this appeal is to be paid by the appellant, and all other costs are to await the final disposition of the cause.
 

 ODOM, J., absent.