James Cropper, Sr., on Behalf of his minor son, James Cropper, Jr., a 15 year old youth, brought this suit against Alton J. Mills, his son's employer, alleging that because of the negligence of Mills in employing his son for night work in violation of Section 5 of Act No. 301 of 1908, *Page 765 
as amended by Act No. 177 of 1916, § 4, he is entitled to recover the sum of $5,090. This sum is asked as damages because of injuries which his son is said to have suffered as a result of an accident which occurred on Thursday, November 7, 1940, at 10:30 p.m.
There was judgment below dismissing plaintiff's suit and he has appealed.
The relevant portion of the act relied upon reads as follows: "No boy under the age of 16 years and no girl under the age of 18 years shall be employed at any work before the hour of 6 in the morning or after the hour of 7 at night. Provided that this shall not apply to persons working in stores and mercantile establishments on Saturday nights, or during 20 days before Christmas. Any violation of this provision shall be punishable by a fine of not less than $25 nor more than $100, or by imprisonment in the Parish Jail (Parish Prison in New Orleans) for not less than ten days nor more than six months, or both, in the discretion of the Court."
The undisputed facts are that young Cropper was employed by Mills, as a night delivery boy, when he was 15 years of age, and that he was injured on the night in question. There is a dispute, however, as to the manner in which he received his injuries, it being contended on the part of plaintiff that while he was returning from making a delivery on his bicycle he ran over a stick in the street causing him to fall and break his leg, whereas the defendant contends that the boy's leg was broken as a result of skylarking with another youthful employee.
Adopting the position taken by the plaintiff as the most favorable to his contention and discussing the case from the standpoint pressed upon our attention by counsel, to the effect that the mere violation of the statute is culpable negligence per se, we turn to a consideration of the authorities.
[1] It is conceded that the general rule in negligence cases is to the effect that the violation of an ordinance or law, which does not contribute to or cannot be said to be the proximate cause of the accident, does not of itself impose liability. Viator v. Talbot, 18 La. App. 124, 137 So. 84; Pettaway v. K.C.S. Drug Co., La. App., 166 So. 902; Tooke v. Muslow Oil Co., La. App., 183 So. 97; Haley v. Black, La. App., 152 So. 805; Jacobs v. Williams, La. App., 160 So. 861; See 13 Tulane Law Review 297.
However, it is claimed that the rule in child labor cases is different. Darsam v. Kohlmann, 123 La. 164, 48 So. 781, 784, 20 L.R.A., N.S., 881, a case relied upon by plaintiff does not sustain his contention. In that case, as in this, it was claimed that because of the employment of a youth, under age, in violation of Act No. 34 of 1906, the defendant was liable "whether there was any proximate causal connection between the employment and the injury or not". The court, however, rejected this view citing the following from Thompson on Negligence 2d Vol. 4, Sec. 3827: "But the view which more nearly comports with judicial analogies is that such unlawful employment of a child does not, per se, constitute negligence which will render the employer liable for injuries to the child, where such employment is not, the direct or proximate cause of the injury."
In Aymond v. Western Union Telegraph Co., et al.,151 La. 189, 91 So. 671, a 13 year old boy was employed as a messenger and, while so engaged, was killed by a train negligently operated by the employees of the railroad company. Act No. 301 of 1908, as amended by Act No. 177 of 1916, was relied upon for recovery. The court, however, in holding that the boy's employer, Western Union Company, was not liable, said [151 La. 189, 91 So. 673]: "* * * between the alleged negligence of this defendant and the injury suffered by the boy, there supervened the culpable act of a third party for whom the defendant was not responsible, and hence the defendant's alleged negligence was not the proximate cause of the injury."
Plaintiff refers us to the case of Alexander v. Standard Oil Co. of Louisiana, 140 La. 54, 72 So. 806, 811. Reliance is placed upon the following language found in the opinion of that case on rehearing: "This law is positive in its prohibition of the employment of children; it is absolute in its terms; allows of no exceptions or excuses." *Page 766 
That case involved the employment of a boy of 13 in a dangerous occupation and the Court, in speaking of the purpose of the law under consideration there, said: "The reason children are forbidden to be employed in dangerous occupations being that they are presumed to be incapable of taking care of themselves, it would seem to be illogical to hold them responsible for their negligence. However, the question does not necessarily arise in this case, and hence need not be considered."
The case was concerned with the discussion of the validity of a defense of contributory negligence, but it is in no sense applicable to the situation before us. There may be, and doubtless there are, cases in which the violation of a statute prohibiting the employment of a child in the operation of certain dangerous machinery would impose civil liability because of the disregard of the objects and purposes of the statute concerning the care and protection of children, but this is not such a case. Here, it is true, the law prohibits the employment of a youth under 16 years of age, but only for six nights in a week, an exception being made of Saturday night. It cannot be said that the Legislature had in mind the protection of the child on six nights of the week only. In other words, there is nothing inherently more hazardous, so far as a child is concerned, in his employment before 7:00 at night and after that time, for, if there were, the Legislature would have prohibited such employment on Saturday night as well as the other six nights.
In Western Union Tel. Co. v. Ausbrooks, 148 Tenn. 615, 257 S.W. 858, 861, 33 A.L.R. 330. A case relied upon by plaintiff, the Supreme Court of Tennessee in allowing recovery for the death of a 15 year old boy, who was delivering messages at night, in violation of a Tennessee statute which, like Section 1 of our Statute, specifically prohibited a telegraph company from so employing minors, said: "The Legislature manifestly classed employment by telephone and telegraph companies, or employment in the distribution of merchandise or messages, along with employment in mills, factories, and laundries. Undoubtedly they considered all these things dangerous. It would be going further than we dare to say that these statutes had in mind only the protection of the health and morals of children. Such considerations no doubt influenced the Legislature, but we think the lawmakers clearly had in mind in all these acts the protection of children from accidents. In this particular case, while traffic on the streets may not be so heavy after 7 p.m., such vehicles as are out run faster, darkness interferes with safety, a child grows sleepy, and it is altogether reasonable that the Legislature should have considered a messenger boy in more danger on the streets after 7 p.m. than at an earlier hour."
The fundamental difference, however, between the statute considered in the Tennessee case and the law under review here, is that there is no exception in the Tennessee statute, as there is in ours, permitting the employment of minors on Saturday night. It cannot be said, therefore, that the purpose of our statute is similar to that which the Tennessee court held to be within the purview of the Legislature of that state. We do not know why it was thought desirable by the Legislature of Louisiana to exempt Saturday nights from the prohibition of the statute, but it certainly could not have been because of the belief that the other six nights in the week were more dangerous.
[2] Reverting to the facts in this case, we find no causal connection between the employment of young Cropper after 7:00 and his accident, which resulted in the breaking of his leg. We believe that the general rule with respect to negligence cases is applicable here, since we cannot find that the defendant has defied the general purpose of the Legislature in the enactment of the law under consideration.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 915