**William Max WARD, a minor, suing by his mother and next friend, Jewell Ward, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 16281.**

United States Court of Appeals
Fifth Circuit.

Feb. 5, 1957.

---

Richard B. Emerson, L. Chandler Watson, Jr., Anniston, Ala., for appellant.

Herbert W. Peterson, Birmingham, Ala., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment entered on a jury verdict for the defendant holding, in effect, that the minor plaintiff was an employee of defendant's insured within the meaning of an exclusion clause of the automobile liability insurance contract.[1] The only issue is whether the Alabama statutory provisions regarding child labor prevented

---

1. Thus stated in the agreed statement on appeal under Rule 76, Fed.Rules Civ. Proc. 28 U.S.C.A.:

"The said insurance policy contained a provision therein (Exclusion (d)) to the effect that said policy does not apply to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be

plaintiff, appellant, from becoming an "employee of the insured" within the meaning of that exclusion provision.

The liability insurance policy in effect at the time of the accident had been issued by the defendant, appellee, to its insured, one Mrs. Betty J. Stewart, agreeing to pay on her behalf all sums within the policy limit of $10,000 which she might become legally obligated to pay as damages because of bodily injury sustained by any person caused by accident occurring during the policy period, and arising out of the ownership, maintenance, or use of the Chevrolet automobile described in the policy. The policy also provided that no action shall lie against the insurance company until the amount of the insured's obligation to pay shall have been finally determined by judgment against the insured, and that any person who has secured such judgment shall thereafter be entitled to recover under said insurance policy.

The insured, Betty J. Stewart, was engaged in the occupation of delivering newspapers on a fixed route in a rural part of Calhoun County, Alabama. The minor plaintiff, appellant, was between sixteen and seventeen years of age. On Sunday morning, September 13, 1953, he was standing in his front yard when the insured drove up in her Chevrolet automobile while delivering newspapers. She asked the plaintiff to assist her in delivering the papers and collecting for them. He did so that day under her directions, for which she paid him $3. After school on the next afternoon, Monday, September 14th, he again helped her deliver her newspapers. The following day Tuesday, September 15th, he again helped her under the same arrangement, except that she told him she would pay him $20 per month for helping her and

he replied that that was all right with him.

On that day, while the plaintiff was in the act of throwing a newspaper from insured's automobile and while she was driving, an accident occurred resulting in breaking both of the plaintiff's arms and otherwise injuring him.

A little more than a year later, on October 19, 1954, the plaintiff recovered on account of his injuries a final judgment for damages in the sum of $10,000 against the insured, the court finding that plaintiff's injuries had been proximately caused by the negligence of the insured in the operation of the automobile described in the policy.

The said judgment, together with interest thereon, and the costs of suit not being paid, the plaintiff instituted the present action under the terms of the liability insurance policy. The evidence in the district court was without conflict, and each party made a motion for a directed verdict. The district court denied both motions and submitted the matter to the jury,[2] subject to a later determination of the legal questions raised by said motions. The jury returned a verdict in favor of the defendant upon which judgment was entered. Thereafter, the district court denied plaintiff's motion to set aside the jury's verdict and the judgment entered thereon, and to enter judgment n. o. v. in accordance with plaintiff's previous motion for a directed verdict. This appeal followed.

The position of the appellant is admirably and succinctly stated in brief as follows:

"The appellant contended in the District Court, and his contention on this appeal is that it was impossible as a matter of law for him to have

provided under any workmen's compensation law, or while engaged in the operation, maintenance or repair of said automobile."

2. The agreed statement on appeal under Rule 76, F.R.C.P., recites:
"The only question on which the action

was tried and the only question submitted to the jury was whether the plaintiff was an employee of the said Mrs. Stewart within said exclusion (d) provision of said insurance policy at the time and place of said accident. (Said question is also the only question presented on this appeal.)"

been an employee of the said Mrs. Betty J. Stewart within said exclusion (d) provision of said insurance policy at the time and place of the accident on September 15, 1953, in that he was between sixteen and seventeen years of age at said time * * * ; that the Child Labor Laws of Alabama prohibit a person from employing any child between sixteen and seventeen years of age to work in any gainful occupation, *except agriculture or domestic service,* unless such person procures and keeps on file for the inspection of the officials charged with the enforcement of said Child Labor Laws an age certificate for such child; that the said Mrs. Stewart was engaged in the occupation of delivering newspapers on a fixed route in a rural part of Calhoun County, Alabama, for gain or profit * * * and had not procured an age certificate to employ the appellant in accordance with the Child Labor Laws of Alabama * * *; that said Child Labor Laws provide that any person who violates any of its provisions shall be deemed guilty of a misdemeanor and on conviction shall be punished by a fine; that said Child Labor Laws were enacted for regulation and protection, as distinguished from a law enacted solely for revenue purposes; that the relationship of employer and employee can arise only out of a contract, express or implied; that no contract, express or implied, can be made in violation of a law which was enacted for regulation and protection, as distinguished from a law enacted solely for revenue purposes; that the said Mrs. Stewart had the appellant work for her in violation of said Child Labor Laws; and, therefore, as a matter of law, the appellant was not an employee of Mrs. Stewart within said exclusion (d) provision of said insurance policy since there was no contract, express or implied, between the appellant and the insured, Mrs. Stewart, out of which the employer-employee relationship could arise."

Throughout our consideration of this case it must be remembered that the pole star by which we are to be guided in construing the policy is the same as that applicable to contracts generally, namely, the intention of the parties. The pertinent rules of construction have been well set forth by the Supreme Court of Alabama.

"Insurance policies, as a general rule, should be liberally construed, and the language used in them should usually be given its ordinary common interpretation. No strained or unusual construction should be given to any of the terms of a policy of insurance, in favor of the insurer or of the insured; but when a clause in such a policy, when read in connection with all the other parts of the policy, is uncertain in its meaning, and is capable of two equally rational constructions, that construction should be placed upon the clause which is most favorable to the insured." Empire Life Ins. Co. v. Gee, 178 Ala. 492, 60 So. 90, 92.

" * * * policies of insurance must be construed more strongly against the insurer; still the words of the policy must be given the meaning which they ordinarily bear, and, where it is manifest, as it is in the instant contract, that the intention of the insurer and the insured was that liability should attach only in given circumstances, the law will uphold the contract according to its true intent and import." Kilby Car & Foundry Co. v. Georgia Casualty Co., 209 Ala. 356, 96 So. 319, 320.

" * * * The true intent governs insurance contracts the same as others. While doubtful terms are construed in favor of the insured, no strained construction should be indulged to raise doubt." Home Loan & Finance Co. v. Fireman's

Fund Ins. Co., 221 Ala. 529, 129 So. 470, 471. Quoted and approved in Transcontinental Mutual Insurance Co. v. Harrison, 262 Ala. 373, 78 So.2d 917, 922.

"* * * In ascertaining the intent of the parties the language of the policy will be given its common interpretation, and only clauses which are uncertain will be construed favorably to the insured." The Praetorians v. Hicks, 234 Ala. 451, 175 So. 258, 259.

In the absence of statute in Alabama, contracts of a minor for the performance of services are voidable merely at the election of the minor. Langham v. State, 55 Ala. 114; Waugh v. Emerson, 79 Ala. 295; Cleveland v. Towle, 21 Ala.App. 161, 106 So. 58, reversed on other grounds, Ex parte Towle, 213 Ala. 129, 106 So. 60. The employment of a minor at a dangerous work without the consent of his parent is a common-law wrong, but is not actionable except in tort when the work is inherently dangerous and injury proximately results from such danger. Garrett v. Louisville & N. R. Co., 196 Ala. 52, 71 So. 685, 687. The common law in Alabama would not, therefore, prevent the plaintiff from being an employee of defendant's insured.[3]

Appellant relies particularly upon the following provision of the 1940 Code of Alabama, Title 26, Chapter 7, Article 3, on "Child Labor":

"* * * no firm, person or corporation shall employ, permit or suffer any child between sixteen and seventeen years of age to work in any gainful occupation, except agriculture or domestic service, unless such person, firm or corporation procures and keeps on file for the inspection of the officials charged with the enforcement of this article, an age certificate as hereinafter provided, for every such child, between sixteen and seventeen years of age * * *." Title 26, § 352.

Other sections provide for the issuance of age certificates by the superintendent, or if no superintendent, then by the principal of a school, upon the personal application of the child accompanied by his parent or guardian disclosing various specified items of information, including the person for whom and kind of work to be performed, the days and hours of employment, the age of the child, and

"* * * a statement signed and dated by any county health officer or public school physician or other reputable physician showing that he has examined the child, and that in his opinion such child is of the legal minimum age for the job in which he is to be employed, of good physical development, in sound health, and physically and mentally able to perform the work he expects to perform." Alabama Code 1940, Title 26, § 356, Pocket Supp.; see also § 355, Pocket Supp.

Any person violating any provision of the Child Labor Laws of Alabama is guilty of a misdemeanor and subject to punishment by fine, Section 375.

The appellee vigorously insists that the general provisions of the Child Labor Law of Alabama relied upon by the appellant do not apply to the occupation of selling and distributing newspapers which is dealt with specifically in Sections 362 to 367, inclusive, of the same Title 26 of the 1940 Code of Alabama; that, under those sections, badges rather than certificates are to be furnished to and worn by boys under sixteen years of age engaged in delivering newspapers, but that there is no badge requirement for boys over sixteen years old so en-

---

3. It may be that the Civil Law prevailing in Louisiana is to the contrary, for Judge Lee, speaking for this Court in a Louisiana case, said:

"A fifteen-year-old boy is without capacity in general to enter into any express contract, and Act No. 301 of 1908, as amended by Act No. 210 of 1944, prevents the raising of a contract of employment by implication of law." New Amsterdam Casualty Co. v. Soileau, 5 Cir., 167 F.2d 767, 770, 6 A.L.R.2d 128.

gaged, and that thus by clear implication boys over sixteen may engage in the occupation of delivering newspapers without restriction. We hesitate, however, to base the decision of this cause upon a plausible but doubtful construction of the Alabama Child Labor statutes, which can, of course, be finally and authoritatively construed only by the Supreme Court of Alabama. The sections relied on by the appellant and those relied on by the appellee are not necessarily in conflict as to the street occupation of delivering newspapers, and we shall proceed upon the assumption that all such sections are applicable to that occupation.

The agreed statement on appeal under Rule 76, F.R.C.P., recites that

"The said Mrs. Stewart had not procured an age certificate to employ the plaintiff in accordance with the Child Labor Laws of Alabama. (One of the questions presented on this appeal is whether she was required by said Child Labor Laws to procure an age certificate for the plaintiff.)"

Assuming that, by Section 352, supra, Mrs. Stewart was required to procure an age certificate for the plaintiff, did her failure so to do nullify her employment of the plaintiff so that, within the meaning of exclusion (d) [Footnote 1, supra], the plaintiff was not her "employee"?

New Amsterdam Casualty Co. v. Soileau, 5 Cir., 167 F.2d 767, a case from Louisiana presenting a similar question, is relied on by appellant. In that case the Casualty Company had issued two public liability policies covering the insured's one and a half ton Ford truck.

"One of the policies issued by appellant provided that it would *not* apply 'to bodily injury or death of an employee of the insured while engaged in the business of the insured,' and the other provided: 'This policy does *not* apply * * * under coverage (A) and (C) to bodily injury or death of any employee of the insured while engaged in the employment, other than do-mestic, of the insured, or while engaged in the operation, maintenance, or repair of the automobile.'" New Amsterdam Casualty Co. v. Soileau, supra, at pages 768, 769.

The insured truck was equipped with a hoist and on the occasion in question it was in the process of being loaded with a drilling rig, when the rig fell and crushed the minor's left foot, necessitating its amputation. The complaint charged that the minor had been employed without his parent's consent and contrary to an Act of the Legislature of Louisiana which prohibits the employment in such work of children of the minor's age, and that his employment was contrary to law and void. In pertinent part, Judge Lee, speaking for this Court, said:

"Act No. 301 of 1908 La., as amended by Act No. 210 of 1944, prohibits a minor under the age of sixteen being employed, permitted, or suffered to work in and about or in connection with power-driven machinery, and prohibits a minor under eighteen years of age being employed, permitted, or suffered to work,

" '(10) As driver of any motor vehicle used for commercial or industrial purposes or as a helper thereon, the term "helper" being defined as any person other than the driver whose work in connection with the transportation or delivery of goods or commodities necessitates or requires riding in or on a motor vehicle;

" '(11) In the operation of * * hoisting machines.'

"The Legislature of Louisiana in passing these acts clearly had in mind the protection of children from accidents resulting from working in the prohibited fields. Cropper v. Mills, La.App., 27 So.2d 764. In employing Joseph Soileau to do work on or about the truck, Campbell, the insured, clearly violated the act. Joseph was some five months over

fifteen years of age and was employed without the knowledge or consent of his mother, his only surviving parent. In such circumstances it may not be said that he was an employee of Campbell. That relation can arise only out of a contract express or implied. A fifteen-year-old boy is without capacity in general to enter into any express contract, and Act No. 301 of 1908, as amended by Act No. 210 of 1944, prevents the raising of a contract of employment by implication of law. Since Joseph was not an employee of Campbell, the contention that he was not covered by the policies is without merit. 'The rule is well established that insurance contracts are generally to be construed against the insurer, and that a liberal interpretation of clauses therein exempting or limiting their liability is not permitted.' Salomon v. Equitable Life Assurance Society of U. S., 202 La. 1001, 13 So.2d 329, 331.

"But, even though Joseph was not an employee of Campbell, there could be no liability under the policies unless negligence were shown. Violation of the statute in question is not necessarily negligence per se. But where, as here, the minor is injured in a performance of the very duties which the law forbade his being employed to perform, there is a direct causal connection between the prohibited hiring and the injury sustained, and there may be said to be negligence as a matter of law on the part of the employer. This being so, the insurance company is liable under its policies, and on that point the judgment below must be affirmed." 167 F.2d at page 770.

We review briefly a few Alabama cases, which may be helpful in construing the policy. In Birmingham News Co. v. Andrews, 204 Ala. 649, 87 So. 168, it was held that the employment of a boy under sixteen at hours prohibited by the Child Labor Act, in the circulation room of a newspaper, a place not inherently dangerous and not a place where such employment is prohibited at all times, does not render the master liable for injuries to the boy resulting from falling or jumping down a chute while playing. In part, the Alabama Supreme Court said:

"Although the employment of a child in violation of the statute is negligence per se, the authorities all hold, and correctly so, that civil liability does not follow unless the child suffers some injury which is, in a legal sense, the proximate result of the violation of the statute, and therefore within its protective purposes. If the violation of the law, whether statutory or common, furnishes merely the casual condition attendant upon the injury suffered, and is not an indispensable agent cooperating directly in its production, it is not the proximate cause of the injury, and there is no liability. This distinction was carefully stated in the case of Garrett v. Louisville & N. R. Co., 196 Ala. 52, 71 So. 685.

"If, as plaintiff's testimony tends to show, defendant's servant Mongol was playing with plaintiff, and slipped up on him and grabbed at him, just as he was going to work, causing him to stumble backward into the chute in the effort to escape; or if, as defendant's testimony tends to show, plaintiff in play intentionally jumped into the chute, in either case that act and the resulting injury cannot, upon sound principle or sound logic, be referred to defendant's breach of the statute as their proximate cause." 87 So. 168, 170.

In Kilby Car & Foundry Co. v. Georgia Casualty Co., 209 Ala. 356, 96 So. 319, 320, an employer's liability policy excluded injuries "suffered by or caused by any child employed by the assured contrary to law as to age." The Court held that the Casualty Company was not bound as to injuries to a child so unlawfully employed, notwithstanding the fact

that the unlawful employment was not the cause of injury, the Court saying:

"The construction appellant places upon this contract is that the exception in question could have been intended to cover only those cases where illegal employment would have had a causal connection to the injury. In this appellant is in error. It was a matter of contract between the insurance carrier and the assured, defining and limiting their respective liabilities. The terms of the policy are plain and unambiguous. There being no question of public policy or ultra vires involved, the law or rule of the contract is the law of the case." [4]

In Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879, 881, the Court, in sustaining the constitutionality of the Workmen's Compensation Act, commented with reference to a section which is now part of Section 258 of Title 26 of the 1940 Code of Alabama:

"Another alleged vice of the act is that it destroys the Child Labor Law, and commercializes child labor—this, because it provides that:

" 'The provisions of this act shall apply to employees who are minors who have been employed in accordance with the law or [and this the brief emphasizes] *contrary to laws regulating the employment of minors.'*

"This we construe to mean only that a minor is entitled to the benefit of the act as an employee, even though the contract under which he works is contrary to law and therefore void."

The same section of the Workmen's Compensation Law of Alabama, then Section 7539 of the 1923 Code, was dealt with in Ivey v. Railway Fuel Co., 218 Ala. 407, 118 So. 583, 585, where the Court said:

"Much criticism is indulged of a construction which will bring within the Compensation Law cases where no legal relation of employer and employee exists because the contract of employment is violative of law. This criticism applies with equal force to violation of the regulations requiring an employment certificate. Kilby Car & Foundry Co. v. Georgia Casualty Co., 209 Ala. 356, 96 So. 319.

"By no logical process of reasoning can section 7539 be construed as covering employment in violation of the Child Labor Law in one aspect and not in another. This section does not strike down, nor is it in conflict with, the Child Labor Law. That law makes its violation a misdemeanor, punished accordingly. It does not deal with the civil remedies that shall accrue to such minor in case of injury, nor to his representative in case of death.

"The Workmen's Compensation Law does deal with it. It confers on the minor the benefits of the Compensation Law, notwithstanding his employment was illegal, and likewise subjects him to the burdens of that law."

Parenthetically, we should observe that, even though the insured, Mrs. Stewart, had only one employee, she could have elected to come under the provisions of the Workmen's Compensation Act of Alabama.[5]

4. Compare Miller Mfg. Co. v. Aetna Life Insurance Co., 150 Va. 495, 143 S.E. 747, 59 A.L.R. 295, and attached annotation on "Construction and effect of provision as to age, or employment as affected by age, in policy insuring employer against liability." 59 A.L.R. 300.

5. "Any employer who regularly employs less than eight employees in any one business or any county, city, town, village or school district may accept the provisions of articles 1 and 2 of this chapter by filing written notice thereof with the department of industrial relations and with the probate judge of each county in which said employer is located or does business, said notice to be recorded by the judge of probate for which he shall receive the usual fee for recording con-

From the foregoing Alabama authorities we observe that, certainly in cases where the minor is not employed in a place inherently dangerous or where such employment is entirely prohibited,[6] the employment of a child in violation of the Child Labor Law does not render the employer liable in tort unless injury can be traced to the violation of the statute as its proximate cause, and that employment contrary to the Child Labor Law does not remove the employee from the protection of the Workmen's Compensation Act. The result is that the employment of a minor, not in a dangerous occupation or prohibited place, even though in violation of some provision of the Child Labor Law, does not impose risks of liability for injury much different from those incident to employments entirely lawful. It seems to us that the overriding purpose of Exclusion (d) of the policy (Footnote 1, supra) was to exclude from this public liability policy those risks which would ordinarily be covered by a different type of insurance, such as employer's liability or workmen's compensation insurance. Under Alabama laws, the risk of injury to plaintiff here involved would be so covered, we think, either by an employer's liability policy or by a workmen's compensation policy. The word "employee" as used in Exclusion (d) of the policy was, we think, used in its ordinary, everyday sense, not in its strictly legalistic meaning, which is difficult to be determined by the most expert legal minds.

Our case of New Amsterdam Casualty Company v. Soileau, supra, is distinguished from the present case, not only by the differences between Alabama law and Louisiana law (e. g., see Footnote 3, supra), but by the fact that in the Soileau case the boy was engaged in a dangerous occupation at a place prohibited by the Child Labor Law.

We think that the judgment was right, and it is

Affirmed.

veyances, and copies thereof to be posted at the places of business of said employers and provided further, that said employers who have so elected to accept the provisions of articles 1 and 2 of this chapter may at any time withdraw the acceptance by giving like notice of withdrawal." Code of Alabama 1940, Title 26, Chapter 5, Article 2, § 263, Pocket Supp.

6. See Code of Alabama, 1940, Title 26, Chapter 7, Article 3, Sections 347, as amended, 348, 349, 350.