The sole issue presented by this appeal is whether the trial Court erred in finding that Buster Corley, at the time of the accident in question, was not an employee of Walter Graydon within the meaning of the exclusionary clause of the insurance policy issued by the defendant, The Home Insurance Company, to Graydon.
We affirm. We hold that The Home Insurance Company is under a duty to defend Graydon in a suit brought for personal injuries by Corley.
The pertinent facts are as follows. Corley had been previously employed by Walter Graydon, the owner of Decatur Food Freezer Service. At the time of the accident, however, Corley was employed by Stewart's Infra Red Company. Shortly before the accident, Graydon's wife, Myrtice, contacted Corley and requested that he come in to help as her husband, who normally performed such employment functions, was out from work due to illness. No agreement was reached as to the amount of nature of compensation Corley was to receive. Corley testified that he received no pay for the work he did and did not intend to charge for his work. He did state, however, that he would have accepted pay if it were offered him. *Page 646 
Corley went directly from his full time employment in the late afternoon of August 1, 1974, to the Decatur Food Freezer Service and began cutting meat. After he went into the storage area and took a hind quarter of meat off the wall, Corley's foot became caught between the wooden slabs on the floor as he started backwards, causing him to fall and injure himself.
At the time of the injury, Decatur Food Freezer Service carried a general Business Liability Policy with the third party defendant, The Home Insurance Company. "Coverage E" of this policy contains the basic statement of the benefits extended:
 "This company will pay on behalf of the insured all sums to which the insured will become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, due to an occurrence, and this company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, or false, or fraudulent, and may make such investigations, settlement of any claim or suit as it deems expedient; but this company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of this company's liability has been exhausted by payment of judgments or settlements."
This policy contains an exclusions section setting forth those situations to which the policy does not apply. The Home Insurance Company contends coverage should be denied under "Section K" of the exclusions clause:
 "(k) under Coverage E, except with respect to liability assumed by the Insured under an insured contract, to bodily injury to any employee of the Insured arising out of and in the course of his employment by the Insured or to any obligation of the Insured to indemnify another because of damages arising out of such injury."
The trial Court made the following findings of fact:
 1. Mrs. Graydon was not authorized, expressly, or impliedly, to hire employees for her husband's business. For all that appeared this was the first and only time she had called and asked someone to "come in and help out."
 2. Mr. Graydon had no knowledge of her acts in requesting Corley to "help out" in the business during his illness until after the accident occurred.
 3. Corley agreed to "come in and help out" as a favor to Mrs. Graydon because of his friendship with Mr. Graydon and did not ask for nor require any compensation for his service although he would have taken pay if offered.
 4. Corley was regularly employed elsewhere at the time of the accident and came in to "help out" around 5:00 P.M. on August 1, 1974, after he had completed his workday for his regular employer.
 5. Mrs. Graydon exercised no control or supervision of Corley and gave him no instructions at all other than requesting that he "come in and help
out" while her husband was ill.
 6. Mr. Graydon exercised no control or supervision of Corley as he had no knowledge of his presence until after the accident.
Applying the rule of ore tenus, we sustain the findings of fact by the trial Court since there has been no showing that these facts are clearly and palpably wrong, or without supporting evidence, or manifestly unjust. Sterling Oil ofOklahoma v. Pack, 291 Ala. 727, 287 So.2d 847 (1973).
We now turn to an application of the law to the facts as found by the trial Court. Although this issue has never been directly before this Court, the Fifth Circuit in Ward v. State,241 F.2d 134 (5th Cir. 1957), has interpreted a similar factual *Page 647 
situation involving Alabama law. Judge Rives, speaking for the Court of Appeals, stated:
 "The word `employee' as used in Exclusion (d) of the policy was, we think, used in its ordinary, everyday sense, not in its strictly legalistic meaning . . ." 241 F.2d at 142.
We think this rule is applicable in the instant case. The facts support the legal conclusion that Corley was not an employee within the usual ordinary sense. He was regularly employed elsewhere and came in to help because of his friendship with Mr. Graydon. Corley neither asked for nor required any compensation for his services.
A close examination of the facts, presumed here to be correct, reveals a critical flaw in The Home Insurance Company's case. Generally, whether the injured party was in fact an employee of the insured is to be determined by the master servant relationship, and whether the injured party is an employee of the insured depends upon the particular circumstances of the case. In accordance with this general principle of employment law, the existence of control over the employee is an essential element in determining by whom he is employed. Moore-Handley Hardware Co. v. Williams, 238 Ala. 189,189 So. 757 (1939); Couch on Insurance, § 45:549 (2d Ed. 1964).
Mr. Graydon had no knowledge of Corley's action until after the accident. Mrs. Graydon was not authorized expressly or impliedly to hire employees for her husband's business; and, furthermore, Mrs. Graydon exercised no control or supervision over Corley. This essential element of control is lacking, and we therefore hold that the trial Court was correct in concluding that Corley was not an employee within the terms of the insurance policy.
AFFIRMED.
HEFLIN, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.